(No. 5224.   March 27, 1930.)

J. E. ROBERTS, Trustee of ROGERSON DEPARTMENT STORE, a Defunct Corporation, Respondent, v. GEORGE HUDSON and MRS. GEORGE HUDSON, Appellants.

[286 Pac. 364.]

E. M. Wolfe, for Appellants.

Bothwell & Chapman, for Respondent.

GIVENS, C. J.—Respondent brought suit September 7, 1927, on a promissory note due October 1, 1920, and as an excuse for the delay in bringing the suit, exceeding the statutory period, alleged that the appellants had been out of the state during most of the time since the maturity of the note. Appellants by their answer interposed the bar of the statute of limitations and denied such absence from the state as to toll the statute.

Appellants, husband and wife, assign as error the insufficiency of the evidence to show such absence from the state

as to toll the statute of limitations, and also urge that the judgment should not have been against Mrs. Hudson, because the evidence did not show that the note was given by her for the benefit of her separate estate.

It was stipulated that the records in the office of A. L. Rinearson, U. S. Commissioner at Jarbridge, Nevada, showed in substance that appellant Hudson filed on a homestead in Nevada and proved up on the same, and in connection therewith made a sworn statement claiming continuous residence thereon from about February 20, 1920, to about February 18, 1925. This proof before the commissioner was supplemented by two witnesses in support of the entryman's application.

Both of the appellants were called for cross-examination under the statute and testified that they were not in Nevada all the time but were in Idaho a considerable portion of the period in dispute. Mrs. Hudson was explicit and definite as to dates and places.

Mr. Hudson explained the conflict between his testimony herein and his declarations before the U. S. Commissioner by saying the U. S. Commissioner was hard of hearing; that everything had to be written out for him and that the commissioner knew all about the homestead and Hudson's residence thereon. To give effect to Hudson's testimony that his statements in the proof before the commissioner were incorrect, would be to countenance fraud upon the government, certainly not to be encouraged.

"While impeachment evidence, consisting of statements of a witness made at another time or place, is not substantive proof of the truth of the facts so stated, it may have the effect of rendering nugatory the affirmative evidence given of a different state of facts." (*Portland Cattle Loan Co. v. Gemmell*, 41 Ida. 756 (757), 242 Pac. 798.)

There was affirmative evidence in the cross-examination of appellants and Mrs. Jones, witness for appellants, and the examination of one Pattnott, witness for respondents, as to appellants' residence in Nevada and out of this state, during the disputed period. It was the province of the

court, no jury being called, to give such weight to the testimony as he deemed it entitled to receive. (*Schmidt v. Williams,* 34 Ida. 723, 203 Pac. 1075.)

The majority rule is that where the departure from the state after the accrual of the cause of action is within the exception of the statutes providing that such absences shall not be computed, every absence which is sufficient to suspend the running of the statute of limitations will be counted, and successive absences will be aggregated. (*Anthes v. Anthes,* 21 Ida. 305, 121 Pac. 553; *Simonton v. Simonton,* 33 Ida. 255, 193 Pac. 386; *MacLeod v. Stelle,* 43 Ida. 64, 249 Pac. 254; C. S., sec. 6622; 37 C. J. 1010; *Fielding v. Iler,* 39 Cal. App. 559, 179 Pac. 519; *Gibson v. Simmons,* 77 Kan. 461, 94 Pac. 1013; *Keith-O'Brien Co. v. Snyder,* 51 Utah, 227, 169 Pac. 954; *Rogers' Admr. v. Hatch,* 44 Cal. 280; *Watt v. Wright,* 66 Cal. 202, 5 Pac. 91; *Cole v. Jessup,* 10 N. Y. 96; *Bell v. Lamprey,* 52 N. H. 41; *Chenot v. Lefevre,* 3 Gilm. (8 Ill.) 637; *Union National Bank of Grand Forks v. Ryan,* 23 N. D. 482, Ann. Cas. 1914D, 741, 137 N. W. 449; *Sweeten v. Taylor,* (Tex. Civ. App.) 184 S. W. 693; *Stoudt v. Hanson,* 62 Mont. 422, 205 Pac. 253.)

The statute of limitations runs in favor of the debtor only while he is actually in the state and is tolled as soon as he leaves the state.

The evidence as to defendants' whereabouts during the period in question is conflicting, but there is sufficient evidence to sustain the finding of the trial court that the defendants were not in the state for the statutory period of five years. Consequently the action was not barred by the statute of limitations.

Appellants failing to deny the execution of the note, it was admitted; Mrs. Hudson did not set up the defense that she was not liable on the debt sued upon. There was, however, no allegation or sufficient proof that the debt was contracted for the benefit of her separate estate, and there was no showing to bring the case within the doctrine of *Booth Mercantile Co. v. Murphy,* 14 Ida. 212, 93 Pac.

777; *Hall v. Johns*, 17 Ida. 224, 105 Pac. 71, or *Briggs v. Mason*, 44 Ida. 283, 256 Pac. 368. Therefore the court erred in entering judgment against her. (*First National Bank of Pocatello v. Poling*, 42 Ida. 636, 248 Pac. 19.)

The judgment against George Hudson is affirmed and reversed and set aside as against Mrs. George Hudson.

No costs awarded against Mrs. Hudson. Costs awarded against Mr. Hudson except for respondent's brief, which was filed too late. (Rule 43, Supreme Court.)

Budge, Lee, Varian and McNaughton, JJ., concur.