308 P.2d 1021

Charles STATEN, Westcott Oil Corporation, a Corporation, and Hartford Accident and Indemnity Company, a Corporation, Plaintiffs-Appellants,

v.

Bennett WEISS, Max Weiss and Lillian S. Weiss, Defendants-Respondents.

No. 8479.

Supreme Court of Idaho.

March 14, 1957.

Lowe & Lowe, S. T. Lowe and Kales E. Lowe, Burley, Elam & Burke, Boise, for appellants.

Leonard H. Jacob, Salt Lake City, Utah, for respondents.

KEETON, Chief Justice.

This action was commenced January 12, 1955, to recover general and special damages for personal injuries sustained by plaintiff Charles Staten, a resident of Idaho, alleged to have occurred in Burley, Idaho, on September 15, 1952, when an automobile owned by defendants Lillian S. Weiss and Max Weiss, driven by defendant Bennett Weiss, their minor son, collided with an automobile driven by plaintiff. The

other plaintiffs claim certain subrogation rights. Service of summons and complaint was made on the Secretary of State on January 14, 1955, pursuant to the provisions of Sec. 49-1202, I.C. In an amended complaint it is alleged that at the time of the accident and suffering of the complained injuries, all of defendants were residents of the State of California. None of them has ever resided or been within the State of Idaho for more than an aggregate period of thirty days. To the amended complaint defendants demurred on the ground that it appears upon the face of said complaint that the action was not commenced within two years after the cause of action accrued, the time limited by Subd. 4, of Sec. 5-219, I.C. The trial judge sustained the demurrer and entered judgment dismissing the action. From the judgment plaintiffs appealed.

The sole question presented is whether the provisions of the statute of limitations, Sec. 5-219, I.C., have been tolled by the provisions of Sec. 5-229, I.C., which reads:

"If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action."

It is the contention of defendants that summons could have been served on them at any time after the cause of action accrued, by serving the Secretary of State as such non-residents' attorney under the provisions of Secs. 49-1201 and 49-1202, I.C. and therefore the tolling statute, Sec. 5-229, I.C., is not applicable to the situation; that the two year period for bringing the action having expired such action is barred.

Conversely plaintiffs contend that the tolling statute, Sec. 5-229, I.C., has not been amended by direct legislative act or necessary implication and is applicable to the situation presented. Decisions of courts considering similar situations from other jurisdictions are not in accord.

Some courts of last resort have held that where, notwithstanding such absence or non-residence, process could have been served in the state, the period of defendant's absence from the state shall not be excluded from the period of limitation and the statute continues to run during such absence. Some authorities illustrative of this view are Coombs v. Darling, 116 Conn. 643, 166 A. 70; Haver v. Bassett, Mo.App., 287 S.W.2d 342; Peters v. Tuell Dairy Company, 250 Ala. 600, 35 So.2d 344; Nelson v. Richardson, 295 Ill.App. 504, 15 N.E.2d 17; Reed v. Rosenfield, 115 Vt. 76, 51 A.2d 189, 94 A.L.R. 485; 17 A.L.R.2d 502; Karagiannis v. Shaffer, D.C., 96 F.Supp. 211; Arrowood v. McMinn County, 173 Tenn. 562, 121 S.W.2d 566, 119 A.L.R. 855;

Busby v. Shafer, 175 S.D. 428, 66 N.W.2d 910.

Other courts of last resort have held that a statute which tolls the running of the statute of limitations when a defendant is out of the state when the cause of action accrues, or departs from the state thereafter, will be given effect even though service could have been obtained on an agent within the state during his absence, for example, a non-resident motorist for injuries inflicted while using the highways of the state. Some decisions taking the view that such possible service on the Secretary of State or other designated involuntary agent is immaterial and the statute stops running during the period of absence from the state, notwithstanding the motor vehicle statute, Sec. 49–1201 and Sec. 49–1202, I.C., or similar legislation are: Gotheiner v. Lenihan, 20 N.J. Misc. 119, 25 A.2d 430; Bode v. Flynn, 213 Wis. 509, 252 N.W. 284, 94 A.L.R. 480; Couts v. Rose, 152 Ohio St. 458, 90 N.E.2d 139; Maguire v. Yellow Taxi Corporation, 253 App.Div. 249, 1 N.Y.S.2d 749, affirmed 278 N.Y. 576, 16 N.E.2d 110; Macri v. Flaherty, D.C., 115 F.Supp. 739.

In Anthes v. Anthes, 21 Idaho 305, 121 P. 553, suit was brought on a promissory note which would have been barred by the provisions of what is now Sec. 5–216, I.C. (amended in 1939, in part not pertinent here) providing the statute of limitations had not been tolled by the provisions of what is now Sec. 5–229, I.C. At that time service of summons and complaint could be made "by leaving a copy thereof and a copy of the complaint in the cause at the usual place of abode of the defendant with a member of the family over the age of twenty-one years". Laws 1907, p. 321.

While the defendant in that case was a resident, he was absent from the state continuously for a period of time sufficient to toll the statute of limitations. This Court held that the statute which provided a method of service of process upon a resident of the state, temporarily absent from his residence or from the state, did not amend Sec. 5–229, I.C. (the tolling statute) and that the statute of limitations ceased to run during the period of absence.

The same principle is announced in Keith-O'Brien Co. v. Snyder, 51 Utah 227, 169 P. 954. That Court held that:

"* * * if, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term limited after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action, applies though the debtor has a place of abode or residence within the state so that process might have been served notwithstanding his absence."

See also *Buell v. Duchesne Mercantile Co.*, 64 Utah 391, 231 P. 123.

In *Roberts v. Hudson*, 49 Idaho 132, 286 P. 364, this Court held that the statute of limitations runs in favor of the debtor only while he is actually in the state and is tolled as soon as he leaves the state.

Many states have passed statutes similar to Secs. 49-1201 and 49-1202, I.C. which in substance provide that non-resident owners, operators of, or persons riding in motor vehicles are granted the privilege of using the roads, highways and streets of this state and that by so doing such operator, or other persons therein enumerated shall be deemed the equivalent to an appointment by such non-resident of the Secretary of State of the State of Idaho, to be his true and lawful attorney, upon whom may be served all lawful summonses and processes against him growing out of any accident or liability in which said non-resident may be involved while operating, causing, or permitting the operation of a motor vehicle upon such highways.

Under the statute, Sec. 49-1202, I.C., the appointment of the Secretary of State as such motorist's attorney is an involuntary, irrevocable one. Nor, is bare service on the Secretary of State sufficient for the court to acquire jurisdiction of the controversy. The statute further provides:

"* * * such service shall be sufficient and valid personal service upon said nonresident; provided, notice of such service and a copy of the process is forthwith sent by registered mail by the plaintiff to the defendant, and the defendant's return receipt and plaintiff's affidavit of compliance herewith are appended to the process and entered as a part of the return thereof; provided further, that personal service outside of the state in accordance with the provisions of the statutes of Idaho relating to personal service of summons outside of the state shall relieve a plaintiff from mailing copies of the summons or process by registered mail as hereinbefore provided. Service of said process upon a defendant shall not be complete until the same is either made by registered mail or by personal service outside of the State."

It thusly appears that in case of service of summons and complaint on the Secretary of State as the involuntary agent of a non-resident motorist is incomplete unless the same is sent by registered mail to the defendant and defendant's return receipt secured, or in lieu thereof, personal service made outside the state of such summons and complaint. The provision for obtaining such service contains no specific exception to the provision tolling the statute of limitations, Sec. 5-229, I.C. Nor can we read such an exception into the motor vehicle act. The statutes for interpretation are not in irreconcilable conflict.

We are therefore constrained to hold that where a statute tolls the running of the statute of limitations when the defendant is out of the state when the cause of action accrues, or departs from the state thereafter will be given effect even though service could have been obtained on an involuntary agent, in this case the Secretary of State, during his absence.

Judgment is reversed with instructions to the trial court to overrule the demurrer, reinstate the cause and proceed in accordance with this opinion. Costs to appellant.

PORTER, TAYLOR, SMITH and McQUADE, JJ., concur.