**Roland FULLMER, Plaintiff,**

v.

**SLOAN'S SPORTING GOODS CO., Inc., Defendant.**

**No. 65 Civ. 1985.**

United States District Court
S. D. New York.

Dec. 29, 1967.

---

**996**

Fuchsberg & Fuchsberg, New York City, for plaintiff; Richard E. Shandell, New York City, of counsel.

Herbert Dicker, New York City, for defendant; E. Richard Rimmels, Jr., Garden City, N. Y., of counsel.

## MEMORANDUM

BONSAL, District Judge.

On June 29, 1965, plaintiff, a citizen of Idaho, commenced this diversity action against defendant, a New York corporation, for negligence and breach of warranty. The complaint alleges that on July 1, 1962 plaintiff was injured when shells and ammunition sold and distributed by defendant exploded in his face while he was using them for the purposes for which they were intended.

Defendant moves, pursuant to Rule 56, F.R.Civ.P., for summary judgment dismissing the complaint on the ground that the action is barred by the applicable statute of limitations. Plaintiff cross-moves, pursuant to Rule 12(f), F.R.Civ. P., for an order striking defendant's two affirmative defenses based on the statute of limitations. Defendant's motion is granted and plaintiff's cross motion is denied.

It appears that defendant has its place of business in New York and sells and distributes guns and ammunition throughout the United States. Distribution in Idaho was made by mail orders

which were solicited by advertising placed by the defendant in magazines of national circulation. The shells and ammunition in suit were ordered by mail by Norton, a resident of Idaho, in response to an advertisement placed by the defendant in the "American Rifleman", were shipped by defendant to Norton f. o. b. New York, and sold by Norton to the plaintiff.

The New York statute of limitations is three years for actions based on negligence (C.P.L.R. § 214), and six years for actions based on breach of warranty (C.P.L.R. § 213). Idaho has a two-year statute of limitations for actions "to recover damages for an injury to the person" (Idaho Code, § 5–219(4)), and since this is an action to recover for personal injuries, it is conceded that it applies to both negligence and breach of warranty.

■ The New York borrowing statute (C.P.L.R. § 202) provides:

"An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, * * *."

One policy behind the borrowing statute is to afford New York "resident-defendants the benefit of the shortest applicable period of limitation * * *" Lowell Wiper Supply Co. v. Helen Shop, Inc., 235 F.Supp. 640, 644 (S.D.N.Y. 1964).

Idaho's long arm statute (Idaho Code, § 5–514) provides that a corporation submits itself to the jurisdiction of the courts of Idaho as to any cause of action arising out of

(a) the transaction of any business within this state which is hereby defined as the doing of any act for the purpose of realizing pecuniary benefit or accomplishing or attempting to accomplish * * * the business purpose or objective * * * of such * * * corporation;

(b) the commission of a tortious act within this state.

■ In advertising its products in magazines of national circulation, which led to the sale here involved, defendant was doing an act for the purpose of realizing pecuniary benefit or accomplishing or attempting to accomplish its business purposes in the State of Idaho, which was sufficient to subject defendant to jurisdiction in Idaho under subdivision (a) of Section 5–514 of the Idaho Code.

In B.B.P. Association, Inc. v. Cessna Aircraft Co., Idaho, 420 P.2d 134 (1966), the Supreme Court of Idaho stated,

"The purpose of the 1961 Act and particularly § 5–514 thereof, was to furnish, so far as possible, a local forum to residents of this state who have a grievance against a nonqualifying foreign corporation, growing out of its business activities here. The statute is remedial and is to be liberally construed to achieve that purpose." (420 P.2d at 139.)

In *B.B.P. Association, Inc.*, the Idaho Supreme Court relied on Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961) where, contrary to the New York rule (see, e. g., Kramer v. Vogl, 17 N.Y. 2d 27, 267 N.Y.S.2d 900, 215 N.E.2d 159 (1966)), the Illinois Supreme Court held in effect that the place of tort and the place where the damage occurred were the same. In *B.B.P. Association, Inc.*, the court stated,

"Just as a tortious act may be committed within a state without the presence of the foreign corporation, or its agent, so may business be transacted in the state in the formation of a contract without the presence of the nonresident or its agent." (420 P. 2d at 140.)

■ *B.B.P. Association, Inc.* indicates that there was jurisdiction under subdivision (b) of Section 5–514 as well as under subdivision (a) on the ground that the tortious act was committed in Idaho where the ammunition allegedly exploded in plaintiff's face.

Defendant was subject to suit in Idaho and could have been served under the

Idaho long arm statute during the two-year period of the Idaho statute of limitations. (Defendant was of course subject to suit in New York during the same two-year period.)

■ Plaintiff contends that in applying the New York borrowing statute, the tolling provision of the Idaho statute of limitations must be applied as well. The Idaho tolling provision (Section 5–229) provides:

"If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action."

In Staten v. Weiss, 78 Idaho 616, 308 P.2d 1021 (1957), the Supreme Court of Idaho held that the tolling provision applied to a nonresident defendant who had left the state following an automobile accident in Idaho even though service could have been made on the defendant by serving the Secretary of State under the Idaho nonresident motorist statute. The court noted:

"The provision for obtaining such service contains no specific exception to the provision tolling the statute of limitations, Sec. 5–229, I.C. Nor can we read such an exception into the motor vehicle act. The statutes for interpretation are not in irreconcilable conflict." (308 P.2d at 1023.)

Staten involved a nonresident who was physically present in Idaho when he committed the alleged tort by becoming involved in an automobile accident. Therefore, in leaving Idaho, the Idaho tolling provision became expressly applicable. Here, the defendant was never physically present in Idaho, its only presence being that it was subject to service under the Idaho long arm statute in an action commenced in that state. To apply the Idaho tolling provision to the defendant would be to reach the absurd conclusion that the statute of limitations would never run. Such a conclusion was rejected by the Supreme Court of Arizona in Phillips v. Anchor Hocking Glass Corp., 100 Ariz. 251, 413 P.2d 732 (1966). Arizona has a tolling provision similar to that in Idaho. In *Phillips,* the court held:

"For a foreign corporation to be 'without the state' or 'absent' within the meaning of a statute providing for the tolling of limitations during the absence of the defendant, it must be out of the state in the sense that it could not be served with process. Dedmon v. Falls Products, Incorporated (5th Cir.), 299 F.2d 173; Young v. Hicks (8th Cir.), 250 F.2d 80; Steiner v. 20th Century-Fox Film Corporation 9th Cir., 232 F.2d 190. Since we have held that defendant can be properly served, the statute of limitations is not tolled." (413 P.2d at 738, 739.)

In Thompson v. Horvath, 10 Ohio St. 2d 247, 227 N.E.2d 225 (1967), the Supreme Court of Ohio held that the Ohio tolling provision was not applicable where the plaintiff could have obtained jurisdiction by substituted service, the court holding:

" * * * whether [a corporation] is present or not [for the purpose of the tolling provision] depends on the purpose for which such presence must be determined. * * * Since the defendant corporation was amenable to process * * * it was present in the state, the savings statute [tolling provision] is inapplicable, and the statute of limitations is properly available as a defense." (227 N.E.2d at 228.)

■ In conclusion, plaintiff's action is barred by the Idaho two-year statute of limitations. Accordingly, defendant's motion for summary judgment dismissing the action is granted and plaintiff's cross motion to strike defendant's affirmative defenses is denied.

Settle order on notice.