536 P.2d 291

Jack LIPE, Plaintiff-Appellant,

v.

JAVELIN TIRE COMPANY, INC., a corporation, Defendant-Respondent,

and

Denman Rubber Manufacturing Company, Inc., a corporation, Defendant.

No. 11765.

Supreme Court of Idaho.

June 12, 1975.

R. M. Whittier, Pocatello, for plaintiff-appellant.

Gary T. Dance of Merrill & Merrill, Pocatello, for defendant-respondent.

BAKES, Justice.

This appeal presents two questions concerning the interrelationship of I.C. § 5–514, Idaho's "long-arm statute," and I.C. § 5–229, which tolls the running of the statute of limitations during a defendant's absence from the state.

This action was initiated on April 26, 1974, when the plaintiff appellant Jack Lipe filed a complaint praying for damages arising out of a personal injury which he alleged to have occurred on or about April 15, 1972, more than two years before the filing of the plaintiff's complaint. Lipe, the operator of a service station in Pocatello, claimed that a tire he had purchased from the defendant respondent Javelin Tire Co., Inc., of Tacoma, Washington, which had been manufactured by the defendant Denman Rubber Manufacturing Co., Inc., of Warren, Ohio, had exploded as he attempted to install it upon the wheel of a car, thereby causing him severe personal injuries. He further alleged that Javelin was a foreign corporation headquartered in Tacoma, Washington, and was in the busi-

ness of selling tires to retailers in the state of Idaho. Javelin moved to dismiss the complaint, claiming, among other things, that the action was barred by the two year statute of limitations of I.C. § 5–219(4).[1] The district court granted Javelin's motion to dismiss upon the ground that since the long arm statute, I.C. § 5–514,[2] had subjected Javelin to the jurisdiction of the Idaho courts, the statute of limitations was not tolled by I.C. § 5–229,[3] which provides for a tolling of the statute during a defendant's absence from the state. The trial court's dismissal was not final, however, because it granted Lipe twenty days within which to file an amended complaint.

Lipe filed an amended complaint within the twenty day period. In the meantime, default judgment was entered against Denman Rubber by the clerk of the court. Denman Rubber never appeared in the action and is not a party to this appeal.

In the amended complaint Lipe alleged that although Javelin was doing business within the state within the meaning of the long arm statute on or about April 15, 1972, Javelin had intermittently withdrawn from doing business within the state for a period in excess of thirty days, during which time the statute of limitations was tolled. Because he filed his complaint within two years and thirty days of the date of his alleged injury, Lipe argued that his complaint was not barred by the statute of limitations. Javelin again moved for sum-

mary judgment on its behalf. The district court again ruled in Javelin's favor, holding that because the court had jurisdiction over Javelin under the long arm statute, I. C. § 5–514, that the statute of limitations was never tolled even if Javelin had intermittently withdrawn from doing business in the State of Idaho. Having concluded that there was no genuine issue of material fact, the trial court granted summary judgment for Javelin. Lipe has appealed from this ruling.

Lipe argues that it was incorrect for the trial court to construe the long arm statute as preventing the statute of limitations from being tolled against a foreign corporation which had not qualified to do business within the state of Idaho. He also argues that even if the court correctly construed the statute to apply to foreign corporations which continuously transact business within the state of Idaho, the trial court nevertheless incorrectly construed the statute to apply to foreign corporations which had intermittently withdrawn from doing business within the state within the meaning of the long arm statute. He argues that during the time that the foreign corporation has withdrawn from doing business within the state, the statute of limitations is tolled from running because the corporation is not then subject to jurisdiction of the courts under the long arm statute. He further argues that even if a foreign corporation is at all times sub-

1. "5–219. *Actions Against Officers, For Penalties, On Bonds, And For Professional Malpractice Or For Personal Injuries.*—Within two (2) years:

.    .    .    .    .

"4. An action to recover damages . . . for an injury to the person, . . . including any such action arising from breach of an implied warranty or implied covenant; . . ."

2. "5–514. *Acts Subjecting Persons To Jurisdiction Of Courts Of State.*—Any . . . corporation, . . . who . . . does any of the acts hereinafter enumerated, thereby submits said . . . corporation, . . . to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

"(a) The transaction of any business within this state which is hereby defined as the doing of any act for the purpose of realizing pecuniary benefit or accomplishing or attempting to accomplish, transact or enhance the business purpose or objective or any part thereof of such . . . corporation;

"(b) The commission of a tortious act within this state; . . . ."

3. "5–229. *Absence Of Defendant From State.*—If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action."

ject to the jurisidiction of the Idaho courts as a matter of law that the statute should be tolled during any period of time during which as a practical matter the foreign corporation can not be located with reasonable diligence because as a matter of fact the corporation is not subject to process. Thus, Lipe argues that there are disputed material issues of fact—whether Javelin has intermittently withdrawn from doing business within the state and whether Javelin could have been located by reasonably diligent efforts for service of process—and summary judgment was also improperly granted in Javelin's favor for that reason.

Lipe relies heavily upon the prior case of Staten v. Weiss, 78 Idaho 616, 308 P.2d 1021 (1957). In that case, Staten, an Idaho resident, was injured in an automobile accident occurring within the state of Idaho. The defendant in that action was a resident of the state of California. Staten brought suit against Weiss more than two years after the accident was alleged to have occurred. The sole question presented in the case was whether the statute of limitations of I.C. § 5–219 was tolled by I. C. § 5–229. The defendants in that action argued that because I.C. §§ 49–1201, 02 (which have since been recodified as I.C. §§ 49–1601, 02) provided that they, as non-resident motorists, were deemed to have appointed the Secretary of State of the State of Idaho as their attorney upon whom all summonses and processes could have been served in any action against them arising out of an automobile accident occurring in the state of Idaho, that they were not absent from the state within the meaning of I.C. § 5–229; hence, the statute of limitations was never tolled. The court conceded that the statute made the Secretary of State the agent of the non-resident motorists upon whom the plaintiff could serve process, but it also noted that the statute required the plaintiff to make personal service of process upon the defendant outside of the state in order to obtain jurisdiction over the defendant. The court went on to say:

"The provision for obtaining [service of process] contains no specific exception to the provision tolling the statute of limitations, Sec. 5–229, I.C. Nor can we read such an exception into the motor vehicle act. The statutes for interpretation are not in irreconcilable conflict.

"We are therefore constrained to hold that where a statute tolls the running of the statute of limitations when the defendant is out of the state when the cause of action accrues, or departs from the state thereafter will be given effect even though service could have been obtained on an involuntary agent, in this case the Secretary of State, during his absence." 78 Idaho at 620–621, 308 P.2d at 1023.

Citing this holding, Lipe argues that if the statute is tolled during the absence from the state of a defendant even though an involuntary agent of the defendant has been appointed upon whom process can be served, then surely the statute will also be tolled against a foreign corporation which has no agent within the state appointed to receive the service of process.

The defendant in *Staten* was subject to being personally served outside of the state during his absence from the state, but the statute of limitations was nevertheless tolled during that period; therefore, Lipe argues that for the same reason the statute was tolled even though Javelin was subject to being personally served under the terms of the long arm statute. Lipe's argument is sound if *Staten* is of continued vitality; however, for the reasons hereinafter given, we believe *Staten* was improperly decided, overrule it and thus uphold the ruling of the district court.

■ We believe the decision in Fullmer v. Sloan's Sporting Goods Co., 277 F.Supp. 995 (S.D.N.Y.1967), a diversity action arising out of an injury allegedly caused by defective merchandise manufactured and distributed by the defendant corporation, in which the federal district court construed

I.C. § 5–514 and I.C. § 5–229, sets forth persuasive reasons for our decision. In that case the Court said:

"[T]he defendant [a New York corporation] was never physically present in Idaho, its only presence being that it was subject to service under the Idaho long arm statute in an action commenced in that state. To apply the Idaho tolling provision to the defendant would be to reach the absurd conclusion that the statute of limitations would never run. Such a conclusion was rejected by the Supreme Court of Arizona in Phillips v. Anchor Hocking Glass Corp., 100 Ariz. 251, 413 P.2d 732 (1966). Arizona has a tolling provision similar to that in Idaho. In *Phillips*, the court held:

'For a foreign corporation to be "without the state" or "absent" within the meaning of a statute providing for the tolling of limitations during the absence of the defendant, it must be out of the state in the sense that it could not be served with process. (Citations omitted). Since we have held that defendant can be properly served, the statute of limitations is not tolled.' (413 P.2d at 738, 739.)" 277 F.Supp. at 998.

Sec. 351 of the California Code of Civil Procedure is identical to I.C. § 5–229. The California courts have held that that section does not toll the running of the statute during the defendant's absence from the state if the defendant is subject to personal service of process during this absence, at least when there was no question that the defendant could have been located with reasonable efforts. Bigelow v. Smik, 6 Cal.App.3d 10, 85 Cal.Rptr. 613 (1970); Dovie v. Hibler, 254 Cal.App.2d 673, 62 Cal.Rptr. 228 (1967). *Compare* with Rathbun v. Superior Court, County of San Bernardino, 8 Cal.App.3d 690, 87 Cal.Rptr. 568 (1970), where the statute of limitations was tolled in a case in which the non-resident defendant was subject to the personal jurisdiction of the California courts, but could not be located with reasonably diligent efforts, and Marterie v. Dorado

Beach Hotel, 330 F.Supp. 860 (D.C.P.R. 1971), which reached a similar conclusion in construing a nearly identical provision of the comparable section of Puerto Rican law. We believe the purpose of I.C. § 5–229 was to prevent the running of the statute of limitations during the time that a defendant was unavailable for service of process because he was absent from the state, and we construe it with that purpose in mind. We now adopt what we believe to be the more reasonable interpretation of these statutes. Excepting circumstances where the foreign corporation cannot be located for service of process with reasonably diligent efforts, the statute of limitations is not tolled against a foreign corporation which has not qualified to do business within the state during any period of time in which the corporation is subject to the jurisdiction of the courts of this state and may be personally served without the boundaries of this state under the long arm statute.

Lipe has alleged, and the affidavits show that Javelin was subject to the jurisdiction of the courts of this state on the ground that (1) Javelin was doing business within the state and (2) Javelin had committed a tortious act within the state. Our decisions in the cases of Doggett v. Electronics Corp. of America, Combustion Control Divn., 93 Idaho 26, 454 P.2d 63 (1969), and B.B.P. Assn., Inc. v. Cessna Aircraft Co., 91 Idaho 259, 420 P.2d 134 (1966), make it clear that from the foregoing facts Javelin was at all times subject to the jurisdiction of the courts of this state, assuming Javelin could have been served with process outside of Idaho under the long arm statute. Thus, if Javelin could have been located for service of process with reasonably diligent efforts, the statute of limitations bars Lipe's claim. Whether Javelin had withdrawn from doing business within the state for a thirty day period is not material where it has always been amenable to service of process.

We hold that if Javelin could have been located for service of process by rea-

sonably diligent efforts, then the statute of limitations was not tolled. However, the record here does not clearly show whether, with reasonably diligent efforts, Lipe could have located Javelin for service of process and that issue was not considered by the parties on the motion for summary judgment, nor was it considered by the trial judge in his memorandum opinion. Final disposition of this case requires a resolution of that issue; accordingly, the case is remanded to the district court. Appellant Lipe shall be given twenty days in which he may amend his complaint and put that matter at issue. If the matter is not put at issue within twenty days, the district court shall enter judgment for respondent Javelin.

Cause remanded. No costs.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.