554 P.2d 1302

Jack **LIPE**, Plaintiff-Appellant,

v.

**JAVELIN TIRE COMPANY, INC.,**
Defendant-Respondent,

and

Denman Rubber Manufacturing Company,
Inc., a corporation, Defendant.

No. 12079.

Supreme Court of Idaho.

Oct. 1, 1976.

R. M. Whittier of Whittier & Jarman, Pocatello, for plaintiff-appellant.

Gary T. Dance of Merrill & Merrill, Pocatello, for defendant-respondent.

McFADDEN, Chief Justice.

This action is before this court for the second time. In the previous appeal, *Lipe v. Javelin Tire Co.*, 96 Idaho 723, 536 P.2d 291 (1975), this court remanded the action to resolve the issue of whether with reasonably diligent efforts appellant Lipe could have located respondent Javelin Tire Com-

pany for service of process. The trial court on remand entered summary judgment for respondent. We affirm.

In his amended complaint, appellant Lipe claims he was injured on April 15, 1972, while working on a tire purchased from respondent. On April 26, 1974, some two years and eleven days following the injury, Lipe filed an action against respondent; Javelin Tire responded by moving for summary judgment, relying upon the statute of limitations as a defense. Summary judgment was granted in favor of respondent. Lipe then perfected the first appeal, where he contended that the statute of limitations was tolled as to a foreign corporation ·(respondent) because it was not qualified to do business in Idaho and was outside the state. On the first appeal, this court rejected that contention and held that where a foreign corporation can be located for service of process with reasonably diligent efforts, the statute of limitations is not tolled. This court then held that the record was unclear whether reasonably diligent efforts could have located respondent for service of process. The case was remanded for that determination.

After remand respondent moved for summary judgment; that motion was supported by affidavits of certain officials of respondent company. These affidavits disclosed that Lipe had sent a letter addressed to respondent at a Tacoma, Washington, address, asserting his claim against respondent within a few days after the accident. This letter was addressed to respondent at its place of business where service of process was ultimately made. Copies of numerous business forms, i. e., invoices where Lipe had orderd items from respondent, also reflected the same address. One affidavit stated in effect that respondent had maintained the same address at Tacoma, Washington, since 1968, with its place of business open on all business days since then.

Lipe, on opposition to these affidavits, filed an affidavit which recited that he had diligently attempted to locate Javelin Tire Company, and that after he mailed the letter to respondent advising it of his injuries, he received letters from a firm of attorneys in Minneapolis, Minnesota, and from an insurance company in Salt Lake City.

The affidavit by Lipe did not controvert or present genuine issues as to the material facts as set out in respondent's affidavits. Lipe's affidavits merely contained conclusionary statements. The purpose of summary judgment is to eliminate groundless claims and paper issues in cases which would end in directed verdict or other rulings of law. *Tri-State Nat'l Bank v. Western Gateway Storage Co.,* 92 Idaho 543, 447 P.2d 409 (1968). Thus, affidavits opposing summary judgment must be sufficiently particular to controvert and put in issue the facts set forth in the movant's affidavit. *Johnson v. Gorton,* 94 Idaho 595, 494 P.2d 1 (1972); *Jephson v. Ambuel,* 93 Idaho 790, 473 P.2d 932 (1970); I.R.C.P. 56(e). Lipe's affidavits did not controvert essential allegations of respondent's affidavits: that he had known the Tacoma address from shortly after the injury, and had known enough to mail his claim letter to that address, that Javelin Tire Company had been in business and open at that address since 1968, and that Lipe had in his possession business forms with the address.

Based on these uncontroverted facts, the trial court properly concluded that no genuine issue of fact remained, and properly granted summary judgment against Lipe.

We have considered other assignments of error, and we do not reach those issues as they were not argued in the previous appeal.

Affirmed. Costs to rspondents.

DONALDSON, SHEPARD, BAKES and BISTLINE, JJ., concur.