674 F.2d 812
 Michael Eugene BRACKNEY, an infant by Judith C. Brackney,
his guardian ad litem and Judith C. Brackney, Appellants,
v.
COMBUSTION ENGINEERING, INC., University of Chicago, and
John Doe I, John Doe II, John Doe III, John Doe
IV, John Doe V, John Doe VI, John Doe
VII, John Doe VIII, John Doe
IX, John Doe X, Appellees.
Richard Dean McKINLEY; Ann Marie Rowell; John Michael
McKinley; and Caroline Irene McKinley, Appellants,
v.
COMBUSTION ENGINEERING, INC., and University of Chicago, Appellees.
 Nos. 80-3381, 80-3422 and 81-3201.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 7, 1981.
Decided April 15, 1982.
 
 William Charles Carr, Idaho Falls, Idaho, argued, for appellants; Dennis M. Olsen, Peterson, Moss & Olsen, Idaho Falls, Idaho, on brief.
 Donald E. Jose, Atty., Dept. of Justice, Washington, D. C., for appellees.
 Appeals from the United States District Court for the District of Idaho.
 Before KILKENNY and GOODWIN, Circuit Judges, and TANNER, District Judge.*
 KILKENNY, Circuit Judge:
 
 
 1
 The dispositive issue in this consolidated appeal is whether the Idaho Statute of Limitations bars the claim of the appellants.
 
 FACTS
 
 2
 On January 3, 1961, an accident occurred at the National Reactor Testing Station near Idaho Falls, Idaho. Richard C. Legg, husband of appellant Judith Brackney and father of appellant Michael Brackney, and Richard L. McKinley, husband of appellant Caroline McKinley and father of appellants Richard D. McKinley, Ann Marie Rowell, and John M. McKinley, were both killed in this accident.
 
 
 3
 The survivors of Richard Legg filed a wrongful death action on January 17, 1979, shortly before Michael Brackney had reached the age of majority. The survivors of Richard McKinley filed their wrongful death action on March 31, 1980.
 
 
 4
 On August 7, 1980, the action of the Brackneys was dismissed on motion of the appellees pursuant to F.R.Civ.P. 12(b)(6). The basis for this dismissal was that their claims were barred by the Idaho Statute of Limitations, Idaho Code 5-219. On December 10, 1980, the complaint of the McKinleys was dismissed on motion, the court finding that its decision in Brackney disposed of their claims as well. Due to the virtual identity of the two actions, the cases were consolidated for purposes of this appeal.
 
 ISSUES
 
 5
 I. Did the district court err when it dismissed ten John Doe defendants from the Brackneys' action?II. Did the district court err in holding that the Idaho Statute of Limitations barred the actions of the appellants against the University of Chicago?
 
 
 6
 III. Regarding Michael Brackney, does the amendment of Idaho Code 5-230 in 1976 limit the tolling period for persons under single or co-existing disabilities to a period of six years? If it does, did this amendment deprive Michael Brackney of his due process rights?
 
 
 7
 IV. Was the appellee Combustion Engineering, Inc. entitled to raise the Statute of Limitations as a defense?
 
 I.
 
 8
 The district court dismissed, without prejudice, ten John Doe defendants from the Brackney complaint, citing this court's decision in Molnar v. NBC, 231 F.2d 684 (CA9 1956), as dictating the "proper course." See also, Provience v. Valley Clerks Trust Fund, 509 F.Supp. 388, 392 (ED Cal.1981). Under the particular circumstances of this case, we find no jurisdictional defect and no error on the part of the district court.
 
 II.
 
 9
 The claims of appellants Judith Brackney, Caroline McKinley, Richard D. McKinley, Ann Marie Rowell, and John McKinley against the University of Chicago are clearly barred by the Idaho Statute of Limitations.
 
 III.
 
 10
 Michael Brackney was under a unique disability on the date of accrual of the cause of action for his father's wrongful death. He had not yet been born. Idaho Code 5-230 tolled the statute of limitations because of this disability. The question now before this court is the length of time the statute of limitations was tolled.
 
 
 11
 At the time Michael Brackney's cause of action accrued, Idaho Code 5-230 would have tolled the statute of limitations for the entire period of his minority. However, Idaho Code 5-230 was amended in 1976. It currently reads:
 
 
 12
 "5-230 Persons under disabilities-Other than for real property.
 
 
 13
 If a person entitled to bring an action, other than for the recovery of real property, be, at the time the cause of action accrued, either:
 
 
 14
 1. Within the age of majority; or,
 
 
 15
 2. Insane; or,
 
 
 16
 3. Imprisoned on a criminal charge ... the time of such disability is not a part of the time limited for the commencement of the action, provided however, that the time limited for the commencement of an action shall not be tolled for a period of more than six (6) years on account of minority, incompetency, ... (Emphasis added)
 
 
 17
 This act shall apply retroactively as respects all claims heretofore accrued and also to acts, errors or omissions heretofore or hereafter occurring. Compiler's notes, Section 2 of S.L.1976, ch. 276. (Emphasis added)
 
 
 18
 This act shall be in full force and effect on and after September 1, 1976. Compiler's notes, Section 3 of S.L.1976, ch. 276." (Emphasis added)
 
 
 19
 Brackney argues that despite the clear language of retroactivity, the Idaho legislature actually intended that subsequent to September 1, 1976, no action would be tolled for more than six years. In the alternative, he argues that giving this statute retroactive effect would be unconstitutional.
 
 
 20
 The district court ruled on the first contention:
 
 
 21
 "Plaintiff's arguments are based upon ideas of fairness and general policy consideration. Such policy making is within the province of the legislature and not the courts. This Court must defer to the judgment of the legislature.
 
 
 22
 "The clear wording of the statute exhibits a legislative intent to allow tolling for minority but to limit it to no more than six years. The limit was expressly stated to apply 'retroactively.' The only logical interpretation that that language can have is that this one rule was to be applied to past cases as well as future cases.
 
 
 23
 "It appears to the court that defendants' position is well taken and that the unmistakable legislative intent must be given effect. It is more likely than not that I.C. § 5-230 was enacted with the intent to retroactively destroy any stale cause of action which had been lying idle for more than six years.... Michael Brackney had more than fifteen years to file suit under the old minority tolling statute and he had five extra months to file suit after the law was changed and before the new law became effective and extinguished his claim. Brackney sat on his remedy too long and now is barred from suing."
 
 
 24
 An appellate court will uphold the determination of a district judge as to the law of the state in which the district court is located unless such determination is clearly wrong. Laguna Hermosa Corp. v. Martin, 643 F.2d 1376, 1380 (CA9 1981). We find that this determination of the district court is not clearly wrong and must be affirmed.
 
 
 25
 As to Brackney's due process claim, a facts and circumstances test on this issue was established by the Supreme Court in 1890. In Wheeler v. Jackson, 137 U.S. 245, 11 S.Ct. 76, 34 L.Ed.2d 659 (1890), the Court stated:
 
 
 26
 "It is the settled doctrine of this court that the (state) legislature may prescribe a limitation for the bringing of suits where none previously existed, as well as shorten the time within which suits to enforce existing causes of action may be commenced, provided, in each case, a reasonable time, taking all the circumstances into consideration, be given by the new law for the commencement of suit before the bar takes effect." (Emphasis added) 137 U.S. at 255, 11 S.Ct. at 78.
 
 
 27
 We find that, considering all of the circumstances in this case, the five month period between the enactment of the amendment of Idaho Code 5-230 and that statute's effective date provided a reasonable time "for the commencement of suit before the bar takes effect." Brackney's due process argument is without merit.
 
 
 28
 In addition, Brackney argues that the statute of limitations remained tolled due to his coexisting disabilities. Brackney alleges that in addition to his minority, he is incompetent and emotionally disturbed. Idaho Code 5-236 reads:
 
 
 29
 "Coexisting disabilities.-When two (2) or more disabilities coexist at the time the right of action accrues the limitation does not attach until they are removed."
 
 
 30
 The district court held that this statute had to be read in conjunction with Idaho Code 5-230, which specifically limited the tolling period for both minority and incompetency to six years. The Idaho Supreme Court has adopted the rule that when two statutes are capable of coexistence, it is the duty of the courts to harmonize and reconcile them so as not to deprive either of potency and force. Sampson v. Layton, 86 Idaho 453, 387 P.2d 883, 885 (1963). We hold that the district court harmonized these two statutes in a manner that cannot be said to be clearly wrong.
 
 
 31
 As to the claims of Michael Brackney, we hold that Idaho Code 5-230 tolled the statute of limitations for a period of six years. Accordingly, his claims, like those of the other appellants, are barred by the Idaho Statute of Limitations.
 
 IV.
 
 32
 It is clear that if appellee Combustion Engineering, Inc. is, in fact, entitled to raise the statute of limitations as a defense, all claims of the appellants against it would be barred and the judgment of the lower court would be affirmed. However, herein lies the most troublesome issue presented on this appeal.
 
 
 33
 Appellants argue that Combustion Engineering, Inc. is precluded from raising the defense of statute of limitations because of former Idaho Code 30-509:
 
 
 34
 "Statute of Limitations -Every such corporation which fails to comply with the provisions of this chapter shall be denied the benefit of the statutes of the state limiting the time for the commencement of civil actions, and any limitations in such statutes shall only run in favor of any such corporations during such time as such person duly designated, as aforesaid, upon whom such service can be made, shall be within the state."
 
 
 35
 Appellants allege that Combustion Engineering, Inc. was in violation of Idaho Code 30-501 (failure to record articles of incorporation with the Secretary of State prior to "doing business" within the state) and Idaho Code 30-502 (failure to designate a person within the state for purposes of service of process). It should be noted that all of the statutes relevant to this issue were repealed subsequent to the filing of this lawsuit.
 
 
 36
 The district court held that the reasoning of the Idaho Supreme Court in the case of Lipe v. Javelin Tire Co., 96 Idaho 723, 536 P.2d 291 (1975), was dispositive of this issue. In Lipe, the Idaho Supreme Court held that Idaho Code 5-229 (a statute tolling the statute of limitations for the period in which a defendant is absent from the state) would not toll the statute of limitations against a "foreign corporation which had not qualified to do business within the state during any period of time in which the corporation is subject to the jurisdiction of the courts of this state and may be personally served without the boundaries of the state under the long arm statute." 536 P.2d at 294. The district court gave Brackney an opportunity to make a showing that Combustion Engineering, Inc. was not available for service of process under the Idaho long arm statute. When Brackney failed to make this showing, the district court held that Combustion Engineering, Inc. could raise the statute of limitations as a defense and dismissed Brackney's claim.
 
 
 37
 We do not now pass on the correctness of this ruling. It is based upon the district court's interpretation of Idaho statutory law, and these statutes are very similar to those that recently confronted the Supreme Court in G. D. Searle & Co. v. Cohn, --- U.S. ----, 102 S.Ct. 1137, 71 L.Ed.2d 250 (1982). In light of the constitutional challenge to these types of statutes left unanswered in Searle, we vacate the district court finding on this issue and remand the case for a threshold determination of these statutes' validity under the Commerce Clause.
 
 CONCLUSION
 
 38
 The judgment of the district court is affirmed in part, vacated in part, and remanded for further proceedings not inconsistent with this opinion.
 
 
 
 *
 The Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation