## CIRCUIT COURT OF ARLINGTON COUNTY

Dennis M. Donohue

v.

Hair Club for Men, Ltd.

### August 5, 1982

### Case No. (Law) 22960

By JUDGE CHARLES H. DUFF

The evidentiary hearing held July 29, 1980, presents the interesting question of jurisdiction of a non-resident Corporation under the Virginia "Long Arm Statute," Section 8.01-328.1. For purposes of this opinion I am addressing only sub-section (A)(5) of the statute as it is my opinion that it vests this court with personal jurisdiction over the defendant.

Without being all inclusive, the following facts are apropos to the issue presented. The plaintiff first learned of the defendant's products and services in an advertisement in *Gentlemen's Quarterly Magazine*, a publication of national distribution. He also saw a similar ad in the New York *Times*. Both publications were purchased in Virginia and in short paraphrase they encouraged inquiry from prospective customers who were interested. A coupon requesting additional information was included as part of the advertisement. The plaintiff cut the coupon and returned it to the defendant. Shortly thereafter he received in the mail a 20-page booklet with a cover letter, to which he made no response. He testified that the defendant mailed him numerous additional letters urging that he contact the defendant. After continued receipt of these letters, he scheduled an appointment with the defendant's

New York office where a contract for the purchase of the defendant's product was executed.

While in New York he inquired regarding service on the hairpiece and was advised by the defendant that it maintained a list of service organizations, some being in Northern Virginia, which the defendant had found competent to service their products. These organizations apparently had no legal connection with the defendant but were on the "list" solely by reason of recommendations from prior satisfied customers. The plaintiff testified further that this represented a major inducement to him to purchase the product as he could ill afford trips to New York for servicing.

The product was delivered in New York and according to the plaintiff's evidence was not satisfactory. He voiced this dissatisfaction to the defendant on various occasions and testified that he nevertheless continued to receive correspondence from the defendant, some even after the present suit was instituted. He testified that some pieces of correspondence were received three or four times; all being sent to his Virginia address.

Finally, both sides agree that the Court may consider the various interrogatories and answers thereto on the issues presented. These show that the defendant maintains no registered agent or business office in this state; that no officers or employees of the defendant are domiciled in this state, that in 1981 the defendant's gross revenues from Virginia amounted to $3,212.00 out of a total gross of approximately $900,000.00.

The issue presented in my judgment is whether the evidence satisfies the requirement of paragraph (A)(5) of the Long Arm Statute. A further inquiry involved in the interpretation of any statute is whether the Due Process requirements of the Federal Constitution are similarly satisfied.

A review of the various decisions cited by counsel satisfies me that the facts presented at the hearing clearly establish jurisdiction in this court. It is noted that it is not necessary for the defendant to be "doing business" in the technical or lay sense in order to fall within the statute but only that he "regularly does solicit business or engages in any other persistent course of

conduct or derives substantial revenue from goods used or consumed in this Commonwealth."

In *Jackson v. National Linen Service Corp.*, 248 F. Supp. 962 (W.D. Va. 1965), an Illinois manufacturer of solvent maintained no organization, office or sales people in Virginia. Orders for the defendant's products were filled directly to Virginia customers and brochures were sent in the mail to Virginia customers. Out of a four to five million dollar gross, approximately $25,000.00 was derived from sales in Virginia.

In a careful decision the court upheld jurisdiction under the Long Arm Statute and similarly upheld the constitutionality of paragraph (A)(5) as follows:

> This court upholds the constitutionality of paragraph (a)(5) of Virginia "long-arm" statute, as the use of the International Shoe due process words "regularly," "Persistent," and "substantial," place this provision well within the permissible limits of due process as set down by the Supreme Court.

In *Fullmer v. Sloans Sporting Goods Company*, 277 F. Supp. 995 (S.D. N.Y. 1967), a New York Manufacturer of guns and ammunition was held to be doing business in Idaho by virtue of advertising in National Magazines which led to the sale involved in the case. While the language of the statute differs somewhat from the Virginia Statute, the concept involved is the same.

In *A. R. Industries v. Superior Court*, 73 California Rep. 920, by advertising in national media and as a result thereof selling and sending its products into California for use there, as distinguished from resale, the defendant had sufficient minimum contacts with California to subject it to personal jurisdiction.

In *Ajax Realty Corporation v. Zook*, 493 F.2d 818 (4th Cir. 1972), a Washington manufacturer of window frames was held subject to jurisdiction of the Virginia Statute dealing with injury arising from a breach of warranty in the sale of goods outside Virginia where the manufacturer possessed some expectation that the frames would be used in Virginia. The case further held that although the percentage of total sales is a factor to be considered,

that factor is not dispositive since a small per cent of the sales of a corporate giant may prove substantial in the absolute sense. The Fourth Circuit Court quoted with approval from *McGee v. International Life Ins. Co.,* 355 U.S. 222 (1957), as follows:

> [A] trend is clearly discernible toward expanding the permissible scope of state jurisdiction over foreign corporation. . . . In part this is attributable to the fundamental transformation of our national economy over the years. Today many commercial transactions touch two or more States and may involve parties separated by the full continent. . . . At the same time modern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity.

The evidence clearly established the following:

1. That the defendant might reasonably have expected that plaintiff would use, consume or be affected by its product in this Commonwealth. It knew the plaintiff lived in Virginia and he had inquired regarding servicing of the product in Virginia.

2. That the defendant engaged in a persistent course of solicitation in Virginia by virtue of its advertisement in the national media which it is held to know would be sold in Virginia.

3. That the defendant also engaged in a persistent course of conduct after receipt of the initial inquiry from plaintiff. This consisted of the numerous letters and solicitations which were directed to the plaintiff, some even after this suit was instituted. These actions are not malum per se; on the contrary they may well be the mark of a competent and aggressive business policy. However, when they are directed into Virginia with the sole purpose of deriving business from its residents, the defendant should respond to those residents in Virginia's Courts. Such seems to me to be the clear intent of the Statute and the decided cases.

4. Defendant may well have derived "substantial revenue" from goods used or consumed in this Commonwealth.

However, I feel no need to make such a finding in view of the above.

It is also my opinion that the due process requirements of the Federal Constitution have been met. See *Jackson, supra.*

For these reasons an order will enter confirming jurisdiction to entertain this action.