[Civ. No. 27102. First Dist., Div. One. Nov. 5, 1969.]

ROBERT RAFAEL, Petitioner, v.
THE SUPERIOR COURT OF MARIN COUNTY, Respondent;
VINCENT B. McLORG, Real Party in Interest.

**COUNSEL**

Low & Ball and Raymond Coates for Petitioner.

No appearance for Respondent.

Pelletreau, Gowen, Moses & Porlier and J. Vance Porlier for Real Party in Interest.

**OPINION**

**ELKINGTON, J.**—The question here is whether, after accrual of a minor's cause of action for personal injuries, the prospective defendant's absence from the state during the minor's minority operated to extend the one-year statute of limitations commencing upon the attainment of his majority, by the total time of such earlier absence.

On a motion of Robert Rafael, petitioner here and defendant below, for summary judgment, the following uncontroverted facts appeared. In the year 1960 during a high school baseball game Rafael was at bat while Vincent B. McLorg, real party in interest here and plaintiff below, was catching. While striking at the ball, Rafael unintentionally struck McLorg in the face with his bat, causing injuries. In 1964 Rafael was absent from the state for the period extending from June 12 through September 1. On December 20, 1966, at the age of 20, McLorg was married, and thus, by virtue of Civil Code section 25, he attained his majority. On February 16, 1968, McLorg filed an action against Rafael based on the injuries suffered by him in 1960.

Rafael contended on his motion for summary judgment that the admitted facts showed McLorg's cause of action to be barred by the provisions of Code of Civil Procedure sections 340, subdivision 3, and 352, subdivision 1.

The motion was denied. On petition of Rafael we issued alternative writs of mandate and prohibition directing the superior court to show cause why McLorg's action should not be dismissed and further proceedings therein stayed.

Code of Civil Procedure section 340, subdivision 3, provides that an action for injury caused by the wrongful or negligent act of another must be commenced within one year of such act.

Code of Civil Procedure section 352, subdivision 1, states that if a person entitled to bring an action be at the time the cause of action accrued, under the age of majority, "the time of such disability is not a part of the time limited for the commencement of the action."

Code of Civil Procedure section 351 provides that if, after a cause of action accrues against a person, "he departs from the state, the time of his absence is not a part of the time limited for the commencement of the action."

It is conceded that upon his marriage McLorg attained the age of majority and that his action was commenced more than one year thereafter. McLorg contends, however, that the period of Rafael's 1964 absence from the state, some 80 days, must be added to the one-year term of the statute; and that so added, his action was timely filed.

McLorg correctly recognizes that section 352, subdivision 1, "tolls the statute during plaintiff's age of minority" and that "section 351 provides that the statute of limitations shall be tolled if a person leaves the state and will not commence to run until after his return." Nothing in those sections or in reason indicates that, with Rafael present in the State of California, the statute was further tolled after McLorg's majority was reached. Implicit in section 351 is recognition that the statute of limitations is not tolled by a defendant's absence from the state *unless* the statute would otherwise run during such absence. Since a minor has the benefit of the full statutory time for commencing his action after attaining his majority, he cannot in any way be prejudiced by a prospective defendant's earlier absence from the state.

Acceptance of McLorg's argument could lead to unreasonable, perhaps absurd, results. Had Rafael left the state following the 1960 incident and returned in 1966, McLorg, with Rafael in the state available for service of process, would nevertheless have had *seven years after reaching his majority* within which to file his personal injury action—a result certainly unintended by the Legislature. Further, it is noted that sections 351 and 352, subdivision 1, provide, *in the same language,* that their respective periods (absence and minority) during which the statute is tolled are "not a part of the time limited for the commencement of the action." If we accept Mc-

Lorg's contention it would also follow that the time of his minority, starting with the accident, must be added to the statutory limitation of one year following attainment of his majority. This likewise would allow filing of McLorg's action within seven years *after* the reaching of his majority. In the case of a tort inflicted on an infant child such a rule could create a statute of limitations running as long as 20 years *after* the infant reached majority. A statutory construction leading to such unreasonable or absurd results should be avoided. (See *Interinsurance Exchange* v. *Ohio Cas. Ins. Co.,* 58 Cal.2d 142, 153 [23 Cal.Rptr. 592, 373 P.2d 640]; *Kusior* v. *Silver,* 54 Cal.2d 603, 620 [7 Cal.Rptr. 129, 354 P.2d 657].)

We conclude that McLorg's action is barred by the statute of limitations and that Rafael is entitled to the relief sought.

Let the peremptory writs of mandate and prohibition issue.

Molinari, P. J., and Sims, J., concurred.