[Civ. No. 34597. Second Dist., Div. Two. Mar. 26, 1970.]

ALBERTA BIGELOW et al., Plaintiffs and Appellants, v.
STEPHEN SMIK, JR., Defendant and Respondent.

**COUNSEL**

Cora M. Brown and David Manning Chodos for Plaintiffs and Appellants.

Haight, Lyon & Smith and John R. Bollington for Defendant and Respondent.

**OPINION**

**FLEMING, J.**—Maurice and Alberta Bigelow, plaintiffs in an action for damages for personal injuries against Stephen Smik, Jr., appeal a judgment of the trial court dismissing their action because of their failure to bring suit within the one-year limitation period. (Code Civ. Proc., § 340.3.) On

20 August 1963 plaintiffs and defendant Smik were involved in an automobile accident in Los Angeles, California. A few days after the accident Smik, a resident of Ohio, left California and did not return. On 8 October 1964 plaintiffs filed suit against him in Los Angeles and thereafter served him with process in the manner provided for service on a nonresident motorist. (Veh. Code, § 17450 ff.) The sole issue is whether the trial court correctly concluded that the action was barred by the one-year statute of limitation.

To excuse their failure to commence their action within the one-year period required for actions for personal injuries, plaintiffs cite Code of Civil Procedure section 351, which declares that "if, after the cause of action accrues, [the defendant] . . . departs from the state, the time of his absence is not part of the time limited for the commencement of the action." Plaintiffs argue that the defendant's departure from the state suspended the statue of limitation during the period of his absence.

In opposition, defendant argues that Code of Civil Procedure section 351 does not extend the time for commencing suit against a nonresident motorist, because a nonresident motorist has been made subject to service of process within the state. (Veh. Code, §§ 17451, 17453.) The pertinent sections then read, "[t]he acceptance by a nonresident of the rights and privileges conferred upon him by this code or any use of the highways of this State . . . is equivalent to an appointment by the nonresident of the director or his successor in office to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against the nonresident operator or nonresident owner growing out of any accident or collision resulting from the operation of any motor vehicle upon the highways of this State . . ." (§ 17451.) "The acceptance of rights and privileges under this code or use of the highways of this State shall be a signification of the irrevocable agreement of the nonresident, binding as well upon his executor or administrator, that process against him which is served in the manner provided in this article shall be of the same legal force and validity as if served on him personally in this State." (§ 17453.) Defendant argues that by virtue of these sections process could have been served upon him at any time during the period of limitation and hence there was no reason to suspend the statute of limitation because of his physical absence from California.

■    The general rule governing statutes of limitation is that the time for commencing an action continues to tick away so long as the proposed defendant can be sued and a personal judgment obtained against him. (34 Am.Jur., Limitation of Actions, § 221.) A personal judgment can be entered against a nonresident if he, or an agent authorized to receive

service on his behalf, can be served with process within the state. Service of process on agents of nonresident corporations and partnerships is routinely performed. (Code Civ. Proc., § 411 and statutory sections therein cited.) Less well known and less frequently used is service of process on agents of nonresident individuals. (Code Civ. Proc., § 1018.) ▇ Nevertheless, the same rule applies, and if a nonresident individual can be served within the state by service of process on an authorized agent a personal judgment can be obtained against the nonresident. This rule has received statutory recognition in Federal Rules of Civil Procedure, rule 4 (d) (1), which authorizes service of process on an individual by service on an agent authorized by appointment or by law to receive service, and in Code of Civil Procedure section 416.90 (operative 1 July 1970), which authorizes service on a person authorized to receive service of process.

▇ Since a nonresident individual who has an agent authorized to accept process on his behalf is liable to the entry of a personal judgment, no reason exists why the period of limitation for commencing an action against him should be suspended. Such a conclusion is implicit in the opinion in *Solot* v. *Linch,* 46 Cal.2d 99 [292 P.2d 887], where with respect to the nonresident motorist law the Supreme Court said: "the statute plainly aims to put nonresidents on the same footing as residents in the litigation of accidents growing out of the use of the highways in the state, having equal procedural rights once the prescribed service of process has been effected so that there can be no queston of personal notice of the pendency of the action." (Pp. 104-105.) The court then summarized with approval a federal case holding that under comparable Missouri statutes availability of process against a nonresident prevented the suspension of the limitation period for commencing suit. Thus: "Closely in point is a case involving the question of the running of the statute of limitations with respect to a nonresident motorist. In *Scorza* v. *Deatherage,* 208 F.2d 660, service was made upon a nonresident defendant under a Missouri statute like our secton 404 of the Vehicle Code, providing that process so served should have 'the same legal force and validity as if personally served on him in the state.' The applicable statute of limitations was one year subject to a proviso that in case of absence of defendant from the state at or after the time of death, 'so that personal service cannot be had upon such defendant in the state,' the period of such absence should not be counted in computing the statutory period. It was argued that though the statute authorized a personal judgment, the service was not personal service within the meaning of the death statute. In rejecting this contention, the court stated at page 662 that the Missouri Supreme Court had held that 'service on an agent authorized to accept such service constitutes personal service upon the principal of that agent,' which view is 'sustained by the

weight of authority,' and hence *the statute of limitations was not tolled while service of process could have been made on the nonresident's authorized agent in the state.*" (P. 105; italics added.)

Nonetheless plaintiffs argue that Vehicle Code sections 17451 and 17453 do not exempt nonresident motorists from the suspension provisions of Code of Civil Procedure section 351 because if the Legislature had intended such a result it would have explicitly said so. They point to Vehicle Code section 17463, which, in connection with the authorization of out-of-state service of process on *resident* motorists absent from the state (Veh. Code, §§ 17459, 17460), expressly declares that the period of limitation continues to run on an action against a *resident* motorist who can be served outside the state. The lack of a similar express declaration for an action against a *nonresident* motorist, they argue, shows a legislative intent to suspend the period of limitation for bringing suit against a *nonresident* motorist. In support of their argument they point first to a California Senate Interim Judiciary Committee Report of March 1955, which declared with reference to the proposed predecessor of section 17463 that it would apply to actions against *nonresident* motorists, and then to the statute as enacted, which limited its application to actions against *resident* motorists absent from the state.

██ Despite plaintiffs' arguments from legislative history we believe the trial court correctly ruled that section 351 does not suspend the period for bringing suit against a nonresident motorist and that the usual period of limitation applies. ██ In our view the fact that Vehicle Code section 17463 expressly provides that the limitation period continues to run for actions against absent *resident* motorists who can be served with process outside the state pursuant to Vehicle Code sections 17459 and 17460 but fails to make a similar express provision for actions against *nonresident* motorists is not conclusive on the question of legislative intent. There are obvious differences in the procedures applicable to the two categories of motorists. Sections 17459 and 17460 deal with the service of process outside the state, while sections 17451 and 17453 deal with service of process within the state, and the Legislature may have believed that an express exception to the suspension provisions of section 351 was necessary in instances involving the availability of service of process outside the state, but unnecessary whenever service of process could be effected within the state. The Legislature may well have concluded that exceptions to the suspension provisions of section 351 would be implied automatically in all instances where statutory provision had been made for service of process within the state (Code Civ. Proc., § 1018; Corp. Code, §§ 6403, 15700), and it may have feared an express statutory exception from the suspension provisions of section 351 for one group (nonresident motorists) might carry

implications that other groups of nonresidents susceptible to service of process within the state had not been similarly excepted. (Cf. *Loope* v. *Greyhound Lines, Inc.,* 114 Cal.App.2d 611, 614 [250 P.2d 651]; Corp. Code, § 6403.) Since the legislative history is unpersuasive of the propositions for which plaintiffs seek to make it stand, we apply to the issue at bench the general reasoning on the nonresident motorist law outlined in *Solot* v. *Linch,* 46 Cal.2d 99 [299 P.2d 887].

We conclude that since a nonresident motorist is amenable to service of process within the state and to the entry of personal judgment against him, the reason for section 351 is not present, the section does not apply, and the period of limitation for commencing suit against him does not suspend. (*Coombs* v. *Darling* (1933) 116 Conn. 643 [166 A. 70]; *Scorza* v. *Deatherage,* 208 F.2d 660; *Steiner* v. *Twentieth Century-Fox Film Corp.,* 232 F.2d 190, 197-198; annotations 119 A.L.R. 859, 17 A.L.R.2d 502, 516; *Mangene* v. *Diamond,* 132 F.Supp. 27; *Arrowood* v. *McMinn County* (1938) 173 Tenn. 562 [121 S.W.2d 566, 119 A.L.R. 855]; *Nelson* v. *Richardson* (1938) 295 Ill.App. 504 [15 N.E.2d 17].)

The judgment is affirmed.

Roth, P. J., and Wright, J., concurred.