**Ralph MARTERIE et al.**

v.

**DORADO BEACH HOTEL et al.**

**Civ. No. 877-67.**

United States District Court,
D. Puerto Rico.

Aug. 31, 1971.

Ernesto F. Rodríguez Suris, Geigel, Silva & Pesquera, San Juan, P. R., for plaintiffs.

John F. Malley, Old San Juan, P. R., for codefendant James Champagne.

Antonio Córdova González, San Juan, P. R., for defendant Dorado Beach Hotel Corp.

### OPINION and ORDER

FERNANDEZ–BADILLO, District Judge.

The Court is asked in this diversity suit to construe a local statutory provision tolling the statute of limitations during the absence of a defendant from the Commonwealth of Puerto Rico, 32 L.P.R.A. § 253,[1] and to consider the man-

---

1. This section provides:
   "If when the cause of action accrues against a person, he is out of the Commonwealth of Puerto Rico, the action may be commenced within the term herein limited after his return to said Commonwealth, and if, after the cause of action accrues, he departs from said Commonwealth, the time of his absence is not part of the time limited for the commencement of the action."

ner, if any, in which such suspensory provision is affected by the fact that service of process upon a non-resident is available pursuant to local rule 4.7, Volume 32 of L.P.R.A., commonly referred to as Puerto Rico's long-arm statute.[2]

On December 28, 1967 plaintiffs filed a complaint against the Dorado Beach Hotel Corp. and two insurance companies alleging that on January 31, 1967 Ralph Marterie was severely injured when struck by a golf cart negligently operated by one James Champagne, an employee of defendant hotel. Champagne was not joined as a party defendant. On July 18, 1969, nineteen months after the filing of the original complaint and two and a half years after the date of the accident, the complaint was amended to bring Champagne into the action. Substitute service was made under local rule 4.7 upon the Secretary of State and copy of the summons and of the complaint sent to defendant by registered mail with return receipt to the address of a certain person in Norfolk, Virginia.

Defendant Champagne contends that section 253 should not be invoked in this instance since the plaintiff's right of action against him was fully protected by Rule 4.7. He argues that "when plaintiff belatedly decided to file an amended complaint against * * * [him] and to serve him under Rule 4.7, he mailed the Complaint and Summons to defendant's attorney, John F. Rixey, Esq., 1000 Maritime Tower, Norfolk, Virginia * * * and that plaintiff was aware of this address at least as far back as June 12, 1969, more than a year before he instituted his action against the co-defendant Champagne[3] * * *." Plaintiffs,

in turn, urge the Court to adopt a literal construction of the statute. The legal effect of such a construction would be that the statute of limitations is tolled during the absence of the defendant from the Commonwealth of Puerto Rico notwithstanding that process could be served upon said defendant and the action instituted despite his absence. It is also argued that plaintiffs could not avail themselves of the procedure established by Rule 4.7 until they knew the address of the defendant.

The initial question raised concerns the conflict of authority on the tolling of the statute of limitations when the person absent from the jurisdiction is amenable to service of process under the method of substituted service.[4]

As early as 1886 the court in Bensley v. Haeberle, 20 Mo.App. 648, cited in 94 A.L.R. 485, 491 stated that: "It is the fact of absence beyond the reach of process that is important". Accordingly, the court must look into the particular circumstances to determine whether process could be served despite defendant's absence. It is irrelevant to such inquiry whether the absent defendant is a resident or a non-resident of the jurisdiction. The suspensory statute of Puerto Rico, like those of Idaho and California, make no distinction between a resident and a non-resident. In Cvecich v. Giardino (1940) 37 Cal.App.2d 394, 99 P.2d 573 the court, commenting on the California tolling provision said:

"Whether the defendant be a resident of the state, and only absent for a time, or whether he resides altogether out of the state, is immaterial. He is equally within the proviso." (p. 575)

---

2. See: Rules of Civil Procedure for the General Court of Justice, 1958.

3. Defendant's Reply to Plaintiff's Memorandum in Opposition, p. 5.

4. The U. S. Court of Appeals for the First Circuit faced the issue of the tolling of the local statute but in a situation which required that the case be remanded to the district court to make an express finding as to the presence of attachable

property in Puerto Rico over a period of time. Marrero Morales v. Bull Steamship Company (1st Cir. 1960) 279 F.2d 299. Said case did not involve the issue of the applicability of a provision tolling the statute of limitations when substitute service is feasible. No local cases have been cited by the parties, nor has the Court been able to find one, dealing with the interpretation of the tolling provision in a situation similar to this.

Section 253, our tolling statute, is derived from § 351 of the California Code of Civil Procedure and § 3143 of the Idaho Code of Civil Procedure. Idaho has followed the minority view holding that the tolling statute will be given effect even if service could have been obtained by means of substitute service, on the defendant during his absence. "The cause of action was therefore not barred by the statute of limitations." Anthes v. Anthes (1912) 21 Idaho 305, 121 P. 553; Staten v. Weiss (1957) 78 Idaho 616, 308 P.2d 1021. The majority, however, has recognized that tolling or suspensory provisions are inapplicable to situations where service can be made on the absent defendant and suit commenced against him. The statute of limitations will then continue to run. 94 A.L.R. 485 and cases cited therein. Likewise the majority of courts have held that when a non-resident individual is amenable to service of process under a statutory provision authorizing substitute service the tolling provision is rendered inapplicable. Arrowood v. McMinn County, 173 Tenn. 562, 121 S.W.2d 566, 119 A.L.R. 855; 17 A.L.R.2d 502, Mangene v. Diamond (D.C.1955) 132 F. Supp. 27, affd. 3 Cir., 229 F.2d 554. This has been the position adopted by the State of California in its cases. Rafael v. Superior Court In and For Marin County (1969) 1 Cal.App.3d 457, 81 Cal.Rptr. 748; Dovie v. Hibler (1967) 254 Cal.App.2d 673, 62 Cal.Rptr. 228; Bigelow v. Smik (1970) 6 Cal.App.3d 10, 85 Cal.Rptr. 613.[5]

The Court has thoroughly considered both doctrines. While sympathizing with the rule followed by California and a majority of courts on this general issue, the facts of this case make it wholly unnecessary for this Court to now take a stand on the interpretation of Puerto Rico's tolling statute, a matter which has not been passed upon by the Commonwealth courts. Even assuming that the majority view were here adopted as controlling, the action against defendant Champagne would not be barred. Champagne has established by means of an undisputed affidavit that he was physically present in Puerto Rico on the date of the accident and that he has never been a resident of the Commonwealth of Puerto Rico. He there states that his residence is now, and at all times pertinent to this case has been, the state of Louisiana. However, he has failed to show that substitute service of process could be effectively had upon him during the period of his absence, as continuously alleged.

It is not enough that the procedural mechanism of local rule 4.7 be available as a matter of law. Substitute service must be a practical reality for a plaintiff. Otherwise, it can hardly be said that the nonresident was amenable to process. It should be noted that under rule 4.7 substitute service is complete *only* when the plaintiff sends to the defendant a copy of the summons and of the complaint by registered mail with return receipt.[6] In response to this Court's order of July 16, 1971 movant has brought photostatic copies of various letters and two letterheads in an effort to prove his basic contention that plaintiff knew where to locate him as early as 1969 but unjustifiably delayed making substitute service until 1971. The Court must reject the evidence brought by co-defendant Champagne as incomplete and inconclusive. He has failed to substantiate his assertion that he could have been located by plaintiff through the use of Rule 4.7, at least as

---

5. The Court there held:
   "We conclude that since a nonresident motorist is amenable to service of process within the state and to the entry of personal judgment against him, the reason for section 351 is not present, the section does not apply, and the period of limitation for commencing suit against him does not suspend."

6. In the case of *Bigelow, supra,* service by serving the authorized agent within upon the nonresident motorist was made the state. The requirement of a return receipt was not involved.

far back as 1969.[7] If one cannot be located certainly he is "beyond the reach of process." Having failed to make a showing that he could have been so located thus being amenable to process, I conclude that the protection afforded by the suspensory statute was under such circumstances applicable. Therefore, the one-year statute of limitations was tolled and the action against co-defendant Champagne stands.

The Motion to Dismiss filed by co-defendant James Champagne on October 20, 1970 must be and is hereby denied. Defendant is granted 10 days after the entry of this order to file its answer to the amended complaint.

---

7. As to defendant's loose indication that local rule 4.5 providing for service by publication suffice it to say that summons cannot be made by publication in a personal action when the defendant resides outside the jurisdiction. Huete v. Teillard (1911) 17 P.R.R. 46.