[No. C061084. Third Dist. July 8, 2010.]

WLODZIMIERZ JAN LITWIN, Plaintiff and Appellant, v.
ESTATE OF ROBERT FORMELA, Defendant and Respondent.

COUNSEL

Dreyer Babich Buccola Callaham & Wood, Hank G. Greenblatt and Jason J. Sigel for Plaintiff and Appellant.

Donahue Bates Blakemore & Mackey, Stephen J. Mackey and David E. Erickson for Defendant and Respondent.

OPINION

**SIMS, J.**—In this personal injury complaint arising from a 2004 automobile collision, plaintiff Wlodzimierz Jan Litwin appeals from a judgment of dismissal following the sustaining of a demurrer by defendant Estate of Robert Formela, grounded on the statute of limitations (Code Civ. Proc., § 335.1[1]). Plaintiff contends the trial court erred in declining to toll the limitations period pursuant to section 351[2] due to the absence from California of Formela, a German citizen/resident who returned to Germany after the California collision. We shall affirm the judgment of dismissal.

BACKGROUND

On May 22, 2008, plaintiff filed a complaint for personal injuries against Formela, alleging that plaintiff, a Sacramento County resident, sustained injuries in an automobile accident with Formela in San Mateo County on December 11, 2004. The complaint alleged Formela was a citizen and resident of Germany and had been absent from California since December 12, 2004, such that section 351 tolled the limitations period.

Plaintiff served process on the Director of the Department of Motor Vehicles (DMV), as authorized by Vehicle Code section 17451 (see pt. II., *post*), but asserted difficulty in locating a correct address for Formela in Germany.

On September 17, 2008, plaintiff filed an amended complaint, alleging Formela was deceased and changing the named defendant to "ESTATE OF ROBERT FORMELA," as authorized by Probate Code sections 550[3] et seq.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] Section 351 states, "If, when the cause of action accrues against a person, he is out of the State, the action may be commenced within the term herein limited, after his return to the State, and if, after the cause of action accrues, he departs from the State, the time of his absence is not part of the time limited for the commencement of the action."

[3] Probate Code section 550, subdivision (a) provides in part, "an action to establish the decedent's liability for which the decedent was protected by insurance may be commenced or

and 9390 (plaintiff who seeks damages beyond insurance limits must file claim against estate before filing lawsuit).

In October 2008, defendant filed a demurrer on the ground the complaint was barred by the statutes of limitations in section 335.1 (two years for personal injury suit) and Probate Code section 551,[4] which extends the limitations period for one year if the person against whom the action is brought dies before expiration of the otherwise applicable limitations period. Defendant pointed out (1) the two-year limitations period expired in December 2006, long before this action was filed in May 2008, and (2) the complaint did not specify the date of Formela's death but, even assuming he died before expiration of the two-year period so as to extend the limitations period by one year under the Probate Code, plaintiff would have had to file the complaint by December 11, 2007. Thus, the action filed on May 22, 2008, was untimely.

Defendant also argued section 351 did not operate to toll the limitations period during the German citizen's absence from California because (as we discuss, *post*) the Vehicle Code provides that a nonresident, by operating a vehicle in California, appoints the Director of the DMV as his agent for service of process, and under *Bigelow v. Smik* (1970) 6 Cal.App.3d 10 [85 Cal.Rptr. 613] (*Bigelow*), the tolling provision of section 351 (see fn. 2, *ante*) does not apply.

Plaintiff opposed the demurrer. In addition to arguing the limitations period was tolled due to Formela's absence from California and due to the asserted unavailability of registered mail in Germany, plaintiff asserted new matter outside the scope of the pleadings, e.g., that plaintiff had a previous lawyer who filed a complaint on December 15, 2006 (which was also filed more than two years after the accident), but was unable to find Formela in Germany. Plaintiff's current attorney asserted the previous lawyer's attempt in the first action to serve process on Formela in Germany under the Hague Convention rules was unsuccessful, and at some point it appeared Formela might be in jail, and the first action was apparently dismissed without prejudice.

---

continued against the decedent's estate without the need to join as a party the decedent's personal representative or successor in interest."

[4] Probate Code section 551 states, "Notwithstanding Section 366.2 of the Code of Civil Procedure [(commencement of action after death of person against whom action may be brought)], if the limitations period otherwise applicable to the action has not expired at the time of the decedent's death, an action under this chapter may be commenced within one year after the expiration of the limitations period otherwise applicable."

Defendant replied, arguing plaintiff's new matter was extraneous and outside the scope of the pleading and in any event failed to show diligence in attempting to find Formela or use alternative methods of service by personal service or publication.[5]

At the hearing, plaintiff's attorney acknowledged that property damage to plaintiff's car was previously paid through the insurance Formela had on the rental car he was driving at the time of the accident. The trial court disagreed with plaintiff's assertion that he had shown impossibility of personal service on Formela in the first action.

The trial court sustained the demurrer without leave to amend and, on December 24, 2008, entered a judgment of dismissal, citing the holding of *Bigelow, supra*, 6 Cal.App.3d 10. Plaintiff appeals.

## DISCUSSION

### I. *Standard of Review*

■ "When any ground for objection to a complaint . . . appears on the face thereof, or from any matter of which the court is required to or may take judicial notice, the objection on that ground may be taken by a demurrer to the pleading." (§ 430.30, subd. (a).) Disputed facts are not subject to judicial notice. (Evid. Code, §§ 451, subd. (f) [mandatory judicial notice of facts so universally known that they cannot reasonably be the subject of dispute], 452, subds. (g), (h) [permissive judicial notice of facts not reasonably subject to dispute].)

"On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, . . . [t]he reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded. [Citations.] The court does not, however, assume the truth of contentions, deductions or conclusions of law. [Citation.]" (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966–967 [9 Cal.Rptr.2d 92, 831 P.2d 317].) "In addition, in the interests of justice, on demurrer, a

---

[5] Defendant was correct that plaintiff's new material going to the impossibility of service was not properly considered on demurrer. As we shall explain, *post*, the function of a demurrer is to test the adequacy of the pleading, including matters of which judicial notice may be taken. We have reviewed the transcript of the hearing on the demurrer, and plaintiff made no request to amend the complaint to allege any impossibility of service so as to toll the statute of limitations. Nor was plaintiff's "new matter" matter of which judicial notice could be taken. The trial court observed plaintiff's submissions on their face failed to show impossibility of personal service. The trial court reached the right result in effectively disregarding the new matter.

court will also consider judicially noticeable facts, even if such facts are not set forth in the complaint. [Citation.]" (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 877 [6 Cal.Rptr.2d 151].) On review, we accept as true the properly pleaded material factual allegations of the complaint, together with facts that may properly be judicially noticed. (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 672 [34 Cal.Rptr.2d 386, 881 P.2d 1083]; *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].)

"The judgment must be affirmed 'if any one of the several grounds of demurrer is well taken. [Citations.]' [Citation.] However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory. [Citation.] And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment. [Citation.]" (*Aubry v. Tri-City Hospital Dist., supra*, 2 Cal.4th at p. 967.)

## II. *Service of Process on Nonresident Motorists*

We begin with the statutory procedure for service of process on nonresidents for claims arising from motor vehicle accidents.

■ California has personal jurisdiction over nonresidents involved in accidents while driving motor vehicles in California, as reflected in Vehicle Code section 17451, which provides, "The acceptance by a nonresident[6] of the rights and privileges conferred upon him by this code or any operation by himself or agent of a motor vehicle anywhere within this state, or in the event the nonresident is the owner of a motor vehicle then by the operation of the vehicle anywhere within this state by any person with his express or implied permission, is equivalent to an appointment by the nonresident of the director[7] or his successor in office to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against the nonresident operator or nonresident owner growing out of any accident or collision resulting from the operation of any motor vehicle anywhere within this state by himself or agent, which appointment shall also be irrevocable and binding upon his executor or administrator." ■ As stated in *Solot v. Linch* (1956) 46 Cal.2d 99, 104 [292 P.2d 887], the Vehicle Code provides a method whereby persons from outside California, who become involved in litigation as the result of their use of a motor vehicle on the highways of this state, may be sued here and, although they have left the state, may be effectively served with process so that in personam judgments may be rendered.

---

[6] "Nonresident" means "a person who is not a resident of this State at the time the accident or collision occurs." (Veh. Code, § 17450.)

[7] The Director of Motor Vehicles. (Veh. Code, § 295.)

In such cases, service of process may be made by leaving a copy of the summons and complaint at the DMV director's office in Sacramento or by mailing it by certified or registered mail, return receipt requested, to the director's office in Sacramento, and such service "shall be a sufficient service on the nonresident subject to compliance with [Vehicle Code] Section 17455." (Veh. Code, § 17454.) Vehicle Code section 17455 states, "A notice of service and a copy of the summons and complaint shall be forthwith sent by registered mail by the plaintiff or his attorney to the defendant. *Personal service of the notice and a copy of the summons and complaint upon the defendant wherever found outside this State shall be the equivalent of service by mail.*" (Italics added.) Process served in the manner provided in the Vehicle Code "shall be of the same legal force and validity as if served on [the nonresident] personally in this state." (Veh. Code, § 17453.)

Thus, even assuming Germany has no registered mail, California law allowed a lawsuit to be maintained against Formela by serving process on the DMV director in California and personally serving a copy on Formela in Germany.

III.   *Section 351's Tolling Does Not Apply*

Plaintiff argues section 351, which tolls the limitations period while a defendant is absent from California, applies to this defendant, who returned to Germany the day after the accident, because the Vehicle Code expressly states section 351's tolling does not apply to *California residents*, yet says nothing about *nonresidents*. We reject the argument.

As noted by plaintiff, Vehicle Code section 17463 excludes only *resident* motorists from tolling, stating: "Notwithstanding any provisions of Section 351 of the Code of Civil Procedure to the contrary, when summons may be personally served upon a person as provided in [Vehicle Code] Sections 17459[8] and 17460,[9] the time of his absence from this State is part of the time limited for the commencement of the action described in those sections,

---

[8] Vehicle Code section 17459 states, "The acceptance by *a resident of this state* of a certificate of ownership [or registration] of any motor vehicle . . . issued under the provisions of this code, shall constitute the consent by the person that service of summons may be made upon him within or without this state, whether or not he is then a resident of this state, in any action brought in the courts of this state upon a cause of action arising in this state out of the ownership or operation of the vehicle." (Italics added.)

[9] Vehicle Code section 17460 provides, "The acceptance or retention by *a resident of this state* of a driver's license issued pursuant to the provisions of this code, shall constitute the consent of the person that service of summons may be made upon him within or without this state, whether or not he is then a resident of this state, in any action brought in the courts of this state upon a cause of action arising in this state out of his operation of a motor vehicle anywhere within this state." (Italics added.)

except when he is out of this State and cannot be located through the exercise of reasonable diligence, except this section in no event shall be applicable in any action or proceeding commenced on or before September 7, 1956."

■ In *Bigelow, supra,* 6 Cal.App.3d 10, the Court of Appeal for the Second Appellate District (Div. Two) held Vehicle Code section 17463's express reference to resident motorists did not preclude the court from reaching a similar result as to nonresidents, i.e., that Code of Civil Procedure section 351's tolling for absence from California did not apply to claims against nonresident motorists arising from motor vehicle accidents. (6 Cal.App.3d at p. 14.)

*Bigelow, supra,* 6 Cal.App.3d 10, affirmed a judgment of dismissal of a plaintiff's personal injury action against a *nonresident* motorist—an Ohio resident who left California shortly after the accident and did not return—due to the plaintiff's failure to bring suit within the one-year limitation period. (*Id.* at p. 12.) *Bigelow* said:

■ "The general rule governing statutes of limitation is that the time for commencing an action continues to tick away so long as the proposed defendant can be sued and a personal judgment obtained against him. [Citation.] A personal judgment can be entered against a nonresident if he, or an agent authorized to receive service on his behalf, can be served with process within the state. Service of process on agents of nonresident corporations and partnerships is routinely performed. [Citation.] Less well known and less frequently used is service of process on agents of nonresident individuals. [Citation.] Nevertheless, the same rule applies, and if a nonresident individual can be served within the state by service of process on an authorized agent a personal judgment can be obtained against the nonresident. . . .

"Since a nonresident individual who has an agent authorized to accept process on his behalf is liable to the entry of a personal judgment, no reason exists why the period of limitation for commencing an action against him should be suspended. Such a conclusion is implicit in the opinion in *Solot* v. *Linch*[, *supra,*] 46 Cal.2d 99 . . . , where with respect to the nonresident motorist law the Supreme Court said: 'the statute plainly aims to put nonresidents on the same footing as residents in the litigation of accidents growing out of the use of the highways in the state, having equal procedural rights once the prescribed service of process has been effected so that there can be no question of personal notice of the pendency of the action.' [Citation.] The [*Solot v. Linch*] court then summarized with approval a federal case holding that under comparable Missouri statutes availability of process against a nonresident prevented the suspension of the limitation period for commencing suit." (*Bigelow, supra,* 6 Cal.App.3d at p. 13.)

The cited case, *Solot v. Linch, supra,* 46 Cal.2d 99, held that the Vehicle Code provision, authorizing service of summons on a nonresident motorist by means of service on the DMV Director, constituted personal service precluding the defendant from invoking former section 473a's provision for relief from a default judgment on the ground the defendant had not been personally served.

The plaintiffs in *Bigelow* made the same argument that plaintiff makes here: That because Vehicle Code section 17463 expressly declares the limitation period continues to run against *resident* motorists who can be served outside the state, the lack of a similar express legislative declaration regarding *nonresident* motorists shows a legislative intent to suspend the limitations period for absent *nonresident* motorists. (*Bigelow, supra,* 6 Cal.App.3d at p. 14.) The *Bigelow* plaintiffs cited legislative history that a proposed predecessor of Vehicle Code section 17463 would have applied to actions against nonresident motorists, but the statute as enacted was limited to resident motorists. (6 Cal.App.3d at p. 14.) *Bigelow* said, "Despite plaintiffs' arguments from legislative history we believe the trial court correctly ruled that section 351 does not suspend the period for bringing suit against a nonresident motorist and that the usual period of limitation applies. In our view the fact that Vehicle Code section 17463 expressly provides that the limitation period continues to run for actions against absent *resident* motorists who can be served with process outside the state pursuant to Vehicle Code sections 17459 [(see fn. 8, *ante*)] and 17460 [(see fn. 9, *ante*)] but fails to make a similar express provision for actions against *nonresident* motorists is not conclusive on the question of legislative intent. There are obvious differences in the procedures applicable to the two categories of motorists. Sections 17459 and 17460 deal with the service of process outside the state, while [Vehicle Code] sections 17451 and 17453 deal with the service process within the state, and the Legislature may have believed that an express exception to the suspension provisions of section 351 was necessary in instances involving the availability of service of process outside the state, but unnecessary whenever service of process could be effected within the state. The Legislature may well have concluded that exceptions to the suspension provisions of section 351 would be implied automatically in all instances where statutory provision had been made for service of process within the state [citations], and it may have feared an express statutory exception from the suspension provisions of section 351 for one group (nonresident motorists) might carry implications that other groups of nonresidents susceptible to service of process within the state had not been similarly excepted. [Citations.] Since the legislative history is unpersuasive of the propositions for which plaintiffs seek to make it stand, we apply to the issue at bench the general reasoning on the nonresident motorist law outlined in *Solot v. Linch*[, *supra,*] 46 Cal.2d 99 . . . . [¶] We conclude that since a nonresident motorist is

amenable to service of process within the state and to the entry of personal judgment against him, the reason for section 351 is not present, the section does not apply, and the period of limitation for commencing suit against him does not suspend. [Citations.]" (*Id.* at pp. 14–15.)

■ Thus, plaintiff's claim in the case before us is defeated by *Bigelow*'s holding that section 351's tolling for absence from the state does not apply to claims arising from motor vehicle accidents involving nonresident motorists.

Plaintiff argues *Bigelow* is not controlling, because it was implicitly disapproved by the California Supreme Court in *Dew v. Appleberry* (1979) 23 Cal.3d 630 [153 Cal.Rptr. 219, 591 P.2d 509] (*Dew*), which held (in a different context unrelated to motor vehicles) that, while alternate service provisions may lessen the need for section 351, they do not repeal section 351. *Dew* was a premises liability case against a property owner, who sought summary judgment on the ground he was a California resident and, though he traveled outside the state for several weeks in the year after the alleged accident, he remained subject to service of process by statutes authorizing substituted service, and therefore section 351's tolling for absences from the state should not apply. (*Dew, supra,* at pp. 633–635.) The California Supreme Court rejected the argument, holding that, while amenability to service of process may reduce the need for section 351 tolling, there was no irreconcilable conflict between section 351 and the statutes governing substituted service. (*Dew, supra,* at pp. 633–635.) "If the Legislature intends that the tolling provision not extend the limitations period *whenever* the defendant is amenable to jurisdiction, it can easily so state." (*Id.* at p. 635.)

The *Dew* court observed the Legislature has modified the reach of section 351 in appropriate circumstances, and *Dew* cited various examples, including Vehicle Code section 17463, which makes Code of Civil Procedure section 351's tolling inapplicable when substituted service upon a resident motorist is available. (*Dew, supra,* 23 Cal.3d at p. 635.)

However, although *Dew* discredited mere reliance on amenability to service as a basis for inapplicability of section 351 tolling, *Dew* cannot be read as an implicit disapproval of *Bigelow*, because *Dew* cited *Bigelow* with approval in a footnote stating in part, "The exclusionary provision of Vehicle Code section 17463 has been applied to actions against nonresident motorists as well. (*Bigelow* v. *Smik*[, *supra,*] 6 Cal.App.3d 10 . . . .)" (*Dew, supra,* 23 Cal.3d at p. 635, fn. 8.)

Plaintiff argues *Dew*'s approval of *Bigelow* should be disregarded as dictum and as erroneous dictum at that. Plaintiff argues the California Supreme Court was wrong because, contrary to the *Dew* footnote, *Bigelow*

did not hold that Vehicle Code section 17463 (which is limited on its face to resident motorists) applies to nonresident motorists. Rather, plaintiff argues, *Bigelow* held section 351 tolling inapplicable because of the plaintiffs' amenability to substituted service—a rationale discredited by *Dew*, which rejected an argument that amenability to substituted service makes section 351 tolling inapplicable.

However, *Bigelow* was decided not on mere amenability to service, but on amenability to service in the specific context of motor vehicle accidents in a mobile society and the policy that nonresidents and residents should be on the same footing in the litigation of accidents growing out of the use of the highways in this state. (*Bigelow, supra*, 6 Cal.App.3d at p. 13, citing *Solot v. Linch, supra*, 46 Cal.2d at pp. 104–105.)

We accordingly reject plaintiff's argument that the Supreme Court's approval of *Bigelow* was based on a mistake by the Supreme Court.

■ As to plaintiff's argument that *Dew*'s approval of *Bigelow* should be disregarded as dictum, we decline to do so. We need not engage in an exegesis of the nature of dictum. It suffices to observe that it is plaintiff who invokes *Dew* as authority disapproving *Bigelow*. We cannot read a Supreme Court opinion as disapproving a Court of Appeal case where the Supreme Court opinion cites the Court of Appeal case with approval.

We conclude *Bigelow* remains good law.

■ We are also constrained to remark on the practical effect of the position advocated by plaintiff. We must give the applicable statutes a reasonable and commonsense interpretation consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity. (*Renee J. v. Superior Court* (2001) 26 Cal.4th 735, 744 [110 Cal.Rptr.2d 828, 28 P.3d 876].) If, as plaintiff contends, section 351 tolls the statute of limitations in the present circumstances, then a citizen of a foreign country, who is alleged to have caused a motor vehicle accident in California and who returns to his country of residence and stays there, would *never* have the statute of limitations run as to him. This result is obviously not good for a foreign visitor to our country; it is also not good for our courts, which would be asked to reconstruct the circumstances of vehicle accidents many years after their occurrence.

■ The statute of limitations was not tolled by Formela's absence from California. The complaint filed May 22, 2008, for claims arising from an automobile accident on December 11, 2004, was untimely because it was

filed more than two years after the accident (§ 335.1 [two years for personal injury claims]) and was filed after the expiration of any extension due to Formela's death (Prob. Code, § 551 [one-year extension if tortfeasor dies before expiration of otherwise applicable limitations period]).

Plaintiff presents no alternative basis for reversing the judgment.

We conclude the trial court properly entered a judgment of dismissal in favor of defendant, because the complaint was barred by the statute of limitations, and section 351 tolling does not apply.

## DISPOSITION

The judgment of dismissal is affirmed. Defendant shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

Scotland, P. J., and Cantil-Sakauye, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 22, 2010, S1855170.