Filed 4/8/19 (unmodified opinion attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| DANIEL LONG,<br><br>　　　　Plaintiff and Appellant,<br><br>v.<br><br>FORTY NINERS FOOTBALL<br>COMPANY, LLC,<br><br>　　　　Defendant and Respondent. | A142818<br><br>(San Francisco City & County<br>Super. Ct. No. CGC-13-535439)<br>ORDER MODIFYING OPINION;<br>NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on March 26, 2019, be modified as follows:

On page 1, in the first paragraph's penultimate sentence that begins with "Defendant Forty Niners Football Company, LLC demurred . . . .", the word "Long's" is changed to "the", so the sentence reads:

> Defendant Forty Niners Football Company, LLC demurred on statute of limitations grounds, and the trial court sustained the demurrer without leave to amend.

There is no change in the judgment.


Dated: _____　　　　　_____, Acting P.J.

Trial Court:   San Francisco City and County Superior Court

Trial Judge:   Hon. Ernest L. Goldsmith

Counsel:

Becker & Becker, Geoffrey Becker for Plaintiff and Appellant.

Lombardi, Loper & Conant, LLP, Maria M. Lampasona, Taylor J. Pohle for Defendant and Respondent.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| DANIEL LONG,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>FORTY NINERS FOOTBALL<br>COMPANY, LLC,<br><br>        Defendant and Respondent. | A142818<br><br>(San Francisco County<br>Super. Ct. No. CGC-13-535439) |

        This is one of many personal-injury lawsuits filed by plaintiff Daniel Long after he was assaulted following a professional football game.  After almost two years of litigation in San Francisco Superior Court against the San Francisco Forty Niners, Ltd., Long learned that the California limited partnership had converted into a Delaware limited liability company, the Forty Niners Football Company, LLC.  Long then filed an identical federal lawsuit against the Delaware limited liability company and voluntarily dismissed his state lawsuit just weeks before trial.  After the federal court dismissed Long's federal lawsuit for lack of subject matter jurisdiction, he filed a third lawsuit in San Francisco Superior Court.  Defendant Forty Niners Football Company, LLC demurred on statute of limitations grounds, and the trial court sustained Long's demurrer without leave to amend.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

        On August 20, 2011, Long was shot by a third-party assailant in the parking lot at Candlestick Park, after a professional football game between the San Francisco Forty Niners and the Oakland Raiders.  Long filed a complaint against the San Francisco Forty Niners, Ltd. and the National Football League in San Francisco Superior Court on

November 30, 2011, alleging breach of contract, negligence, and liability under the rescue doctrine.[1]

In June 2013, Long learned that the San Francisco Forty Niners, Ltd. had converted into a Delaware limited liability company, the Forty Niners Football Company, LLC. On June 25, 2013, Long filed a complaint against the Forty Niners Football Company, LLC and John York, the general partner of the San Francisco Forty Niners, Ltd., in the United States District Court for the Northern District of California. Long's federal suit was identical to his state suit, except he sued the Forty Niners Football Company, LLC and John York instead of the San Francisco Forty Niners, Ltd.

In response to the federal action, defense counsel sent a letter to Long's counsel challenging the viability of the federal action, stating that the federal court would likely stay this suit under the *Colorado River* doctrine[2] and urging Long to dismiss the federal case. Instead, Long voluntarily dismissed the state court action on July 22, 2013, less than a month before trial. Subsequently, the federal court addressed its subject matter jurisdiction sua sponte and dismissed the federal case for lack of diversity jurisdiction, on October 23, 2013.

Long filed a third lawsuit against defendant on November 12, 2013 asserting the same allegations as his prior lawsuits, again in San Francisco Superior Court. Because this lawsuit was filed more than two years after the August 2011 shooting, defendant demurred to all but one of the causes of action as time-barred. Long opposed, citing *Addison v. State of California* (1978) 21 Cal.3d 313 (*Addison*), for the proposition that the statute of limitations was equitably tolled while his federal case was pending. The court sustained defendant's demurrer without leave to amend, rejecting equitable tolling

---

[1] Long settled with the National Football League.

[2] Under the *Colorado River* doctrine, in limited circumstances, federal courts may stay a federal case, when a concurrent state action is pending in which identical issues are raised. (See *Colorado River Water Cons. Dist. v. U. S.* (1976) 424 U.S. 800, 817.)

4

and finding that Long's litigation strategy was not in good faith and was legally and factually groundless.[3]

The court entered a judgment of dismissal, and Long timely filed a notice of intent to move for a new trial.[4] The court denied Long's motion for a new trial, and this appeal followed.

## DISCUSSION

Long filed three nearly identical actions seeking redress for the same injuries. He maintains that the doctrine of equitable tolling should be applied to suspend the statute of limitations on his claims during the pendency of his second federal lawsuit, thereby rendering his third lawsuit timely. We find that the doctrine of equitable tolling does not apply as a matter of law here where Long alleged that he voluntarily dismissed his first lawsuit, weeks before trial, to re-file in federal court, and he fails to allege facts that would support the inference that he did so reasonably and in good faith.

## I.    Standard of Review

The rules governing the review of an order sustaining a demurrer without leave to amend are well settled. We review de novo an order sustaining a demurrer and exercise our independent judgment to determine whether the complaint "state[s] a cause of action on any available legal theory." (*Brown v. Deutsche Bank National Trust Co.* (2016) 247 Cal.App.4th 275, 279 (*Brown*).) We accept the truth of all well-pled allegations in the complaint but not that of "contentions, deductions or conclusions of fact or law." (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.) When the trial court sustains a demurrer without leave to amend, we review the determination that amendment could not cure the defects in the complaint for abuse of discretion. (*Brown*, *supra*, 247 Cal.App.4th

---

[3] The court sustained defendant's demurrer to Long's breach of contract cause of action for failure to allege facts sufficient to state a cause of action, and Long does not appeal this ruling. At the hearing on the demurrer, the court also heard Long's motion to set aside his voluntary dismissal of the first state court action under Code of Civil Procedure section 473. On appeal, this court affirmed the court's orders denying Long's motion to set aside his voluntary dismissal and his subsequent motion for reconsideration in an unpublished opinion (*Long v. San Francisco Forty Niners, Ltd.* (December 11, 2017, A142221) [nonpub. opn.]).

[4] A party may bring a motion for new trial from a judgment of dismissal resulting from the sustaining of a demurrer. (*Carney v. Simmonds* (1957) 49 Cal.2d 84, 88, 90–91.)

5

at p. 279.)  We reverse only if the plaintiff establishes a reasonable possibility that the defects could be cured by amendment.  (*Ibid.*)

## II.  Equitable Tolling

Long's operative complaint seeks damages for injuries stemming from the August 20, 2011, shooting.  The statute of limitations for personal-injury actions is two years (Code Civ. Proc.,[5] § 335.1), and Long's claim accrued when he was shot.  (See *Litwin v. Estate of Formela* (2010) 186 Cal.App.4th 607, 618–619 [section 335.1's two-year limitations period is measured from date of the accident].)  His deadline to file this action was August 20, 2013, but he did not file until November 12, 2013.  Long's untimely personal-injury claims are barred on their face unless equitable tolling applies to toll the statute of limitations during the pendency of Long's federal action.

Equitable tolling is a judicially created doctrine that, where applicable, will " 'suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness.' " (*McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 99 (*McDonald*).)  "Broadly speaking, the doctrine applies ' "[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one." ' [Citations.]  Thus, it may apply where one action stands to lessen the harm that is the subject of a potential second action; where administrative remedies must be exhausted before a second action can proceed; or where a first action, embarked upon in good faith, is found to be defective for some reason." (*Id.* at p. 100.)  The purpose of equitable tolling is to "ease[ ] the pressure on parties 'concurrently to seek redress in two separate forums with the attendant danger of conflicting decisions on the same issue.' " (*Ibid.*)  It is intended to benefit the court system "by reducing the costs associated with a duplicative filing requirement, in many instances rendering later court proceedings either easier and cheaper to resolve or wholly unnecessary." (*Ibid.*)

A plaintiff seeking the benefit of equitable tolling must show three elements: " 'timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff.' " (*McDonald*, *supra*, 45 Cal.4th at p. 102.)  Where a

---

[5] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

claim is time-barred on its face, the plaintiff must specifically plead facts that would support equitable tolling. (*Mills v. Forestex Co.* (2003) 108 Cal.App.4th 625, 641; see also *In re Marriage of Zimmerman* (2010) 183 Cal.App.4th 900, 912 [the party invoking equitable tolling bears the burden of proving its applicability].) Long has not done so.

First, we reject Long's suggestion that, because the first state court action was filed against the San Francisco Forty Niners, Ltd., we should ignore this lawsuit entirely and consider the federal action to be the first lawsuit Long filed against defendant. Long pled that, in March 2012, the San Francisco Forty Niners, Ltd. converted into defendant, a Delaware limited liability company. When the limited partnership converted into a Delaware limited liability company, the resulting limited liability company was deemed to be the same entity as that which converted. (See former Del. Code Ann., tit. 6, § 18-214, subd. (f) & subd. (g)[6]; see also Corp. Code, §§ 15911.05, 15911.09.) This is Long's third lawsuit against defendant arising from the August 2011 shooting.

The factual allegations relating to Long's duplicative lawsuits do not establish reasonable and good-faith conduct. Long filed the federal action because he learned that federal subject matter jurisdiction might exist as a result of the San Francisco Forty Niners, Ltd.'s conversion to a limited liability company. But the superior court clearly had subject matter jurisdiction over Long's claims. (See Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2018) ¶ 3.3 [superior courts are courts of general subject matter jurisdiction and can adjudicate any and all cases before them].)[7] Long dismissed the state lawsuit after defense counsel asserted that the federal court would stay the federal case, but, at that point, depositions were completed in the state case, defendant's summary judgment motion had been denied, the case "was fully litigated, [and] trial was scheduled to start on August 19, 2013 . . . ." While we liberally construe the allegations of the complaint (§ 452), these facts show only that Long decided on the eve of trial that he preferred a different forum. They do not support the inference

---

[6] Current subdivisions (g) and (f) of section 18-214, title 6 of the Delaware Code Annotated remain the same as those effective as of the pled conversion date. (See Del. Code Ann., tit. 6, § 18-214, subd. (f) & subd. (g).)

[7] There are limited exceptions to a superior court's general subject matter jurisdiction (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2018) ¶ 3:123), but none apply here.

7

that Long acted reasonably and in good faith by filing an identical federal lawsuit after almost fully litigating the state case.[8]

Long has not identified any case that applies the doctrine of equitable tolling to a factual situation even remotely similar to his. In *Addison*, *supra*, 21 Cal.3d at pp. 315-316, the plaintiff filed suit in state court after realizing that the dismissal of his federal lawsuit, asserting federal and pendent state claims, was imminent. The Supreme Court reversed a judgment of dismissal, following the trial court's finding that the plaintiff's state claims were time-barred and equitably tolled the applicable statute of limitations during plaintiff's good faith pursuit of the pendent claims in federal court. (*Id.* at p.321.) Unlike in *Addison*, Long did not first pursue a federal lawsuit in good faith and then file a state lawsuit upon the federal court's dismissal. Rather, Long fully prosecuted his original state suit and then suddenly abandoned it before trial, without compulsion, to pursue litigation in a forum he presumably believed would be more favorable. There is no parallel between this case and *Addison*.

There is similarly no parallel between Long's conduct and that in *Mojica v. 4311 Wilshire, LLC* (2005) 131 Cal.App.4th 1069, 1073–1074 (*Mojica*), on which Long relies. In *Mojica*, the court found that the plaintiff had pled sufficient facts to invoke equitable tolling for her personal-injury claims where she filed the claims first in federal court and had to re-file in state court after the federal court dismissed her suit for lack of diversity jurisdiction. The court in *Mojica* remarked that the plaintiff's misanalysis of the federal court's subject matter jurisdiction did not constitute bad faith, which typically involves trifling with the courts or the other party. (*Id.* at p. 1074.) But the plaintiff in *Mojica*

---

[8] Long attempted to justify his conduct below by arguing that the state court had no personal jurisdiction over John York, but that diversity jurisdiction allowed York to be sued in federal court. Long does not revisit this argument on appeal, nor could we credit it as reasonable or made in good faith. Personal jurisdiction and diversity jurisdiction are not the same, and if the state court did not have personal jurisdiction over York with respect to Long's state law claims, neither would the federal court. (See *Daimler AG v. Bauman* (2014) 571 U.S. 117, 125 [federal courts in California exercise personal jurisdiction pursuant to California's long-arm statute].)

sued first in federal court, suggesting that her lawsuit was not initiated in bad faith. In contrast, Long's dismissal here on the eve of trial without reasonable justification suggests that he was toying with defendant and the court.[9]

Further, although defendant was on notice of Long's claims from the beginning of the first state court action, the doctrine of equitable tolling was not intended to burden a defendant or the courts with having to repeatedly re-start litigation of a case that was almost fully adjudicated, simply because the plaintiff had a last-minute change of mind about the forum. Long was free to take a chance and re-file his claims in federal court, but to apply equitable tolling, in these circumstances, to Long's untimely third lawsuit would undermine the doctrine's purposes of preventing parties from having to seek redress in separate forums and reducing the costs associated with duplicative filings. (See *McDonald*, *supra*, 45 Cal.4th at p. 100.) In sum, Long's complaint does not allege facts sufficient to establish that equitable tolling applies to extend the statute of limitations on the claims in his third duplicative lawsuit.

---

[9] Other authorities cited by Long are distinguishable. In *Appalachian Ins. Co. v. McDonnell Douglas Corp.* (1989) 214 Cal.App.3d 1, equitable tolling applied during the plaintiffs' first suit, where they voluntarily dismissed an improperly removed federal case and then refiled it in superior court. In *Nichols v. Canoga Industries* (1978) 83 Cal.App.3d 956, equitable tolling applied during the plaintiff's first suit in federal court, while the court exercised supplemental jurisdiction over the plaintiff's state law claims. *McDonald*, *supra*, 45 Cal.4th at pp. 103–104, and *Marcario v. County of Orange* (2007) 155 Cal.App.4th 397, 407–410, applied equitable tolling while the plaintiffs pursued internal grievance procedures prior to suing.

## III. Leave to Amend

Long argues for the first time in his reply brief on appeal that he should be granted leave to amend his complaint to assert that section 1367(d) of title 28 of the United States Code renders his suit timely. Long has waived this argument (see *Tilton v. Reclamation Dist. No. 800* (2006) 142 Cal.App.4th 848, 864, fn. 12), but even if he had not, section 1367(d) of title 28 of the United States Code does not provide a basis for leave to amend. (See *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 [to receive leave to amend, the plaintiff must demonstrate a reasonable probability that he or she could cure the pleading defects].)

Under section 1367(a) of title 28 of the United States Code, federal courts have supplemental jurisdiction to adjudicate state law claims over which they do not have jurisdiction if these claims are transactionally related to the claims within a federal court's original jurisdiction. When a federal court declines to exercise this supplemental jurisdiction and dismisses claims that fall outside of its original jurisdiction under section 1367(c) of title 28 of the United States Code, the period of limitations for any dismissed claim "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." (28 U.S.C. § 1367(d).) This statute has no application here. Long filed a diversity suit in federal court. He did not appeal to the federal court's supplemental jurisdiction, nor did the federal court decline to exercise supplemental jurisdiction over any of his claims. As Long does not set forth a reasonable basis from which we can conclude that he could overcome the deficiencies noted in his pleading, the trial court properly sustained defendant's demurrer without leave to amend.

### DISPOSITION

The judgment is affirmed.

10

_____

BROWN, J.


WE CONCUR:


_____

STREETER, ACTING P. J.


_____

TUCHER, J.

Trial Court:   San Francisco City and County Superior Court

Trial Judge:   Hon. Ernest L. Goldsmith

Counsel:

Becker & Becker, Geoffrey Becker for Plaintiff and Appellant.

Lombardi, Loper & Conant, LLP, Maria M. Lampasona, Taylor J. Pohle for Defendant and Respondent.